UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| JUANITA THIBODEAUX, NICHOLAS DUCET, TIMOTHY BARBAY, CINDY HIGGINS, TERRY HIGGINS, LISA LANDRY, LISA COKER, and DWAYNE TULLIER, EACH INDIVIDUALLY AND ON BEHALF OF A CLASS OF SIMILARLY SITUATED INDIVIDUALS | CIVIL ACTION<br><br>NO._____<br><br>DISTRICT JUDGE:_____<br><br>MAG. JUDGE:_____ |
| VERSUS | |
| THE DOW CHEMICAL COMPANY and TURNER INDUSTRIES GROUP LLC | **JURY TRIAL DEMANDED** |

## NOTICE OF  REMOVAL

The Dow Chemical Company ("Dow") hereby gives notice entitled "*Juanita Thibodeaux, Nicholas Ducet, Timothy Barbay, Cindy Higgins, Terry Higgins, Lisa Landry, Lisa Coker, and Dwayne Tullier, Each Individually and on Behalf of a Class of Similarly Situated Individuals v. The Dow Chemical Company and Turner Industries Group, LLC*," bearing Suit No. 83464, from the Eighteenth Judicial District Court, Division "B," Parish of Iberville, State of Louisiana, to the United States District Court for the Middle District of Louisiana. This removal is made pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453.

On July 12, 2024, Plaintiffs initiated this action by filing their Petition in the Eighteen Judicial District, Division "B," Parish of Iberville, State of Louisiana, seeking individual and class relief for claims arising out of an alleged chemical release and fire that occurred at Dow's facility in Iberville Parish on July 14, 2023.[1] As required by 28 U.S.C. § 1446(a), attached as **Exhibit A**

---

[1] **Exhibit A** (Original Petition).

1

hereto are copies of all process, pleadings, order, and other papers and exhibits that have been filed in the state court proceeding.

This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b)(3), as it was not until the service of the Plaintiffs' Responses to Dow's First Set of Requests for Admission that it was first ascertainable by Dow that the $5M amount-in-controversy requirement of removal under the Class Action Fairness Act of 2005, Pub L. 109-2, 119 Stat. 4 (2005), codified at, *inter alia*, 28 U.S.C. §§ 1332(d), 1441(a), 1452, and 1453 ("**CAFA**"), was met and that this action was, accordingly, removable under CAFA.

This action is properly removed to the United States District Court for the Middle District of Louisiana, and venue is proper in this District, because the Eighteenth Judicial District Court in and for Iberville Parish Louisiana, in which this action was originally filed, is withing the geographic boundary of the Middle District of Louisiana. *See* 28 U.S.C. §§ 84(d), 1441(a).

Pursuant to 28 U.S.C. § 1446(d), written notice of removal of this action will be promptly served upon Plaintiffs' counsel, and a Notice of Filing of Notice of Removal is being filed with the Clerk of the Eighteen Judicial District Cout, Parish of Iberville, State of Louisiana.

The Court has jurisdiction under CAFA because, as set forth below, all of the necessary elements for jurisdiction and removal under CAFA are present here.

## **BACKGROUND**

On July 12, 2024, Plaintiffs initiated this action by filing their Petition in the Eighteen Judicial District, Division "B," Parish of Iberville, State of Louisiana, seeking individual and class relief for claims arising out of an alleged chemical release and fire that occurred at Dow's facility in Iberville Parish on July 14, 2023.[2] The Plaintiffs' Petition has been subsequently amended three

---

[2] **Exhibit A** (Original Petition).

times.[3] Plaintiffs assert a number of claims against Dow and Turner Industries Group LLC ("**Turner**"), the contractor working on the turnaround at the facility, arising from their alleged exposure to chemicals released during the fire event at the facility.[4] The Plaintiffs bring these claims individually and on behalf of a class of similarly situated persons defined as follows:[5]

> All persons who owned property and/or worked or resided within five (5) miles of the Dow Plaquemine Facility, including but not limited to the Shelter-in-Place Zone, and who have been harmed as a result of the July 14, 2023 explosion and resulting hazardous chemical emissions caused by Dow's and/or Turner's conduct related to that event.

In their Petition, as amended, Plaintiffs further define "reside" or "resided" to include "persons who were invitees at residences within five miles of the Dow Plaquemines Facility and physically present at those residences at the time of the incident[.]" In their Petition, as amended, Plaintiffs estimate this class of persons to consist of "at least" 6,000 individuals.[6] The Petition, as amended, never set forth any estimate of the amount of damages being sought by the Plaintiffs.

In fact, it was not until Dow received Plaintiffs' Responses to Dow's First Set of Requests for Admission that Dow became unequivocally aware that the amount in controversy exceeded $5M and therefore became unequivocally aware that this matter was removable to this Court pursuant to CAFA.[7]

## BASIS FOR JURISDICTION UNDER CAFA

This action is removable to this Court because federal diversity jurisdiction exists over Plaintiffs' claims pursuant to CAFA. Congress enacted CAFA to enlarge federal jurisdiction over

---

[3] **Exhibit A** (First, Second, and Third Amended Petitions).
[4] **Exhibit A** (Third Amended Petition).
[5] **Exhibit A** (Third Amended Petition), at ¶ 72.
[6] **Exhibit A** (Third Amended Petition), at ¶ 73(a)
[7] **Exhibit B** (Plaintiff's Responses to The Dow Chemical Company's First Requests for Admission).

3

class actions. CAFA applies to any civil action commenced on or after February 18, 2015. This action was commenced on July 12, 2024, well after CAFA's effective date.

CAFA provides that a putative class action against a non-governmental entity may be removed to federal court if: (a) the number of proposed class members is not less than 100; (b) any member of the proposed class is a citizen of a different state from any defendant; and (c) the aggregate amount in controversy exceeds $5M, exclusive of interest and costs. *See* 28 U.S.C. §§ 1332(d)(2), 1332(d)(50, and 1453(b). To effect removal, Dow's only burden is to plausibly allege that CAFA's three jurisdictional requirements are met. *Addison v. Louisiana Reg'l Landfill Co.*, 398 F. Supp. 3d 4, 10 (E.D. La. 2019). As set forth below, each of these requirements is satisfied here.

### *There Are More Than 100 Putative Class Members*

CAFA's first requirement, that the proposed class contain at least 100 class members is satisfied here. *See* 28 U.S.C. § 1332(d)(5).

The Plaintiffs bring proposed class is defined as follows:[8]

> All persons who owned property and/or worked or resided within five (5) miles of the Dow Plaquemine Facility, including but not limited to the Shelter-in-Place Zone, and who have been harmed as a result of the July 14, 2023 explosion and resulting hazardous chemical emissions caused by Dow's and/or Turner's conduct related to that event.

In their Petition, as amended, Plaintiffs further define "reside" or "resided" to include "persons who were invitees at residences within five miles of the Dow Plaquemines Facility and physically present at those residences at the time of the incident[.]" In their Petition, as amended, Plaintiffs themselves estimate this class of persons to consist of "at least" 6,000 individuals.[9]

---

[8] **Exhibit A** (Third Amended Petition), at ¶ 72.
[9] **Exhibit A** (Third Amended Petition), at ¶ 73(a)

It is therefore reasonable to assume that there are far more than 100 members of the putative class, based on both the definition of the class and the Plaintiffs' own estimation of its numerosity.

### *Minimal Diversity Exists Between the Parties*

CAFA's second requirement, that any one member of the proposed class be a citizen of a state different from any defendant, is also satisfied here. *See* 28 U.S.C. § 1332(d)(2).

"To establish jurisdiction under CAFA, a showing of minimal diversity is required." *Gulley v. Hosp. Serv. Dist. #1 of Tangipahoa Par.*, No. CV 25-830-SDD-EWD, 2025 WL 3296305, at *2 (M.D. La. Nov. 26, 2025) (citing 28 U.S.C. § 1332(d)). "Minimal diversity is met when one plaintiff is diverse from one defendant." *Id*. (citing *Exxon Mobil Corp. v. Allapattah Services, Inc*., 545 U.S. 546, 549 n.12 (2005)).

At the time this lawsuit was filed, and at all other times relevant to this lawsuit, Dow has been incorporated under the laws of Delaware and has maintained its principal place of business in Michigan.[10] Accordingly, for diversity jurisdiction purposes, Dow is a citizen of Delaware and Michigan. *See Hanover Ins. Co. v. Superior Lab. Servs., Inc*., 179 F. Supp. 3d 656, 671 (E.D. La. 2016) ("For purposes of diversity jurisdiction, a corporation is a citizen of (1) its state of incorporation, and (2) the state in which its principal place of business is located.").

Pursuant to the Petition, as amended, all of the named Plaintiffs are domiciled in Louisiana.[11] Accordingly, all of the named Plaintiffs are citizens of Louisiana for diversity jurisdiction purposes. *Coury v. Prot*, 85 F.3d 244, 249 (5th Cir. 1996) ("A United States citizen who is domiciled in a state is a citizen of that state.").

---

[10] **Exhibit C** (Printout from the Delaware Division of Corporations); **Exhibit D** (Louisiana Secretary of State Detailed Record).
[11] **Exhibit A** (Third Amended Petition).

Accordingly, the minimum diversity requirement of CAFA is met here as at least one plaintiff (here, any of the individual Plaintiffs) is a citizen of Louisiana, while Dow is a citizen of Delaware and Michigan. Further, it is reasonable to assume that other class members who reside in the "Shelter-in-Place Zone" will also be citizens of Louisiana.

### *The Amount in Controversy Exceeds $5M*

CAFA's final requirement—that the amount in controversy, exclusive of interest and costs, exceeds $5M—is also satisfied here. *See* 28 U.S.C. § 1332(d0(2).

In their Responses to Dow's First Set of Requests for Admission, Plaintiffs concede that the "amount in controversy in this matter exceeds $5,000,000.00."[12] In these responses, Plaintiffs further denied that they will not seek or accept damages in excess of $5M.[13]

Accordingly, based on these Responses, received by Dow on July 31, 2026, the amount in controversy, exclusive of interest and costs, exceeds CAFA's $5M jurisdictional threshold.

### **THIS REMOVAL IS TIMELY**

This Notice of Removal is timely filed because it was only upon receipt of Plaintiffs' Responses to Dow's First Set of Requests for Admission that it became unequivocally clear and certain to Dow that the amount in controversy in this action, excluding interest and costs, exceeded $5M.[14] These responses constitute "other paper" under 28 U.S.C. § 1446(b)(3). *See Cole ex rel. Ellis v. Knowledge Learning Corp*., 416 F. App'x 437, 440 (5th Cir. 2011) ("A discovery response may constitute an 'other paper' under the federal removal statute, notifying defendant of an action's removability and triggering the 30-day removability period."). Accordingly, this removal is timely as it was filed within 30-days of Dow's receipt of the Responses from Plaintiffs.

---

[12] **Exhibit B** (Plaintiff's Responses to The Dow Chemical Company's First Requests for Admission), at p. 2.
[13] **Exhibit B** (Plaintiff's Responses to The Dow Chemical Company's First Requests for Admission), at p. 2.
[14] **Exhibit B** (Plaintiff's Responses to The Dow Chemical Company's First Requests for Admission).

To the extent that the Plaintiffs may suggest that this removal is untimely based upon the allegations in their Petition, as amended, revealing these grounds for removal, this is incorrect. The Fifth Circuit applies a "bright line" rule to determine if removal is timely, requiring "the plaintiff, if he wishes the thirty-day time period to run from the defendant's receipt of the initial pleading, to place in the initial pleading a specific allegation" that unambiguously reveals the nature of the claims asserted. *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 (5th Cir. 1992). The Fifth Circuit adopted this rule as "it promotes certainty and judicial efficiency by not requiring courts to inquire into what a particular defendant may or may not have subjectively known." *Id*. Here, the Plaintiff' Petition, as amended, contains no specific allegation that unambiguously reveals that the amount in controversy exceeds $5M. Nor, prior to serving their Responses to Dow's First Set of Requests for Admission, have Plaintiffs produced to Dow any other document or other paper that made it unequivocably clear and certain that the amount in controversy exceeded $5M. *See Ragusa v. Louisiana Ins. Guar. Ass'n*, 573 F. Supp. 3d 1046, 1052 (E.D. La. 2021) ("The trigger for removal must be unequivocally clear and certain."). Any suggestion that Dow could have "pieced together" that thee amount in controversy exceeded $5M is without merit, as the trigger for removability must be a voluntary act by the plaintiff and, specifically, the thirty-day period for removing an action does not begin to run "if the defendant need[s] to do independent research to ascertain the facts, nor does defendant's subjective knowledge trigger the thirty-day clock." *Id*. Here, the Plaintiffs' responses to Dow's First Set of Requests for Admission were the first voluntary act on the part of the Plaintiffs that made it unequivocably clear and certain to Dow that this case was removable under CAFA, Dow has removed this matter within thirty-days of receiving those Responses, and, therefore, this removal is timely.

7

## CONSENT TO REMOVAL NOT REQUIRED

The consent of other defendants to removal is not required for removal under CAFA. "The language of CAFA is plain that any single defendant can remove (without the consent of other defendants) the entire class action (not merely the claims against that defendant)[.]" Braud v. Transp. Serv. Co. of Illinois, 445 F.3d 801, 808 (5th Cir. 2006) (citing 28 U.S.C. § 1453(b)); see also Werner v. KPMG LLP, 415 F. Supp. 2d 688, 694 (S.D. Tex. 2006) ("Cases subject to CAFA may be removed by a single defendant, eliminating the rule that all defendants must consent to removal."). Accordingly, Dow was not required to obtain the consent of Turner to this removal.

## CONCLUSION

For the foregoing reasons, this action is properly and timely removed to this Court. Dow reserves the right to amend or supplement this Notice of Removal, and reserves all rights and defenses, including those available under Federal Rule of Civil Procedure 12.

WHEREFORE, Dow respectfully removes this action from the Eighteenth Judicial District Court in and for Iberville Parish, State of Louisiana, to the United States District Court for the Middle District of Louisiana, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being contemporaneously filed with the Eighteenth Judicial District Court in and for Iberville Parish, State of Louisiana, to the United States District Court for the Middle District of Louisiana and served upon Plaintiff's counsel.

DATED: August 6, 2026

[*Signatures on following page.*]

Respectfully submitted,

**BIENVENU, FOCO & VIATOR, LLC**

*s/ Phillip E. Foco*

David M. Bienvenu, Jr., #20700
F. Charles Marionneaux, #18320
John Allain Viator, #25915
Phillip E. Foco, #25670
Colin P. O'Rourke, #37252
Melissa Jade Avant, #37867
Henry S. Rauschenberger, #37834
4210 Bluebonnet Blvd.
Baton Rouge, LA 70809
Phone: (225)388-5600
Fax: (225)388-5622
david.bienvenu@bblawla.com
chip.marionneaux@bblawla.com
john.viator@bblawla.com
phillip.foco@bblawla.com
colin.orourke@bblawla.com
jade.avant@bblawla.com
henry.rauschenberger@bblawla.com

*Attorneys for The Dow Chemical Company*

## CERTIFICATE OF SERVICE

**I CERTIFY** that on August 6, 2026, a copy of the foregoing "Notice of Removal" was filed electronically with the Clerk of Court of the United States District Court for the Middle District of Louisiana using the CM/ECF system. Notice of this filing will be sent to all CM/ECF participants by operation of this Court's electronic filing system and to counsel for all parties by both United States Mail, postage prepaid and properly addressed, and by electronic mail.

_____*s/ Phillip E. Foco*_____
Phillip E. Foco