Case 3:26-cv-00847-EWD    Document 1-5    08/06/26    Page 1 of 72


(/Content/Help/helpv7.pdf)

**Clerk Connect - Iberville Parish**

Menu ▾    **Balance** $3.00      Shauna Vallet - Bienvenu Bonnecaze ▾

BACK TO PREVIOUS PAGE

### C-83464
### THIBODEAUX, JUANITA VS
### THE DOW CHEMICAL COMPANY

Suit Ledger ⌄    PURCHASE PDF

**Date Filed:** 07/12/2024      **Kind:** CIVIL      **Division:** B

**Date Last Active:** 06/04/2026      **Cause:** SUIT FOR DAMAGES      **Suit Status:** Active

**Judge:** HON. TONYA S. LURRY

**Balances DO NOT include any pending transactions**

**Suit Advance Balance:** $1,122.23    **Suit Witness Balance:** $0.00    **Suit Bond Balance:** $0.00    **Suit Pauper Balance:** $0.00

FINANCIALS (234)    SUIT TOTALS    MINUTES (12)    COURT EVENTS (13)    DOCUMENT HISTORY (63)    SERVICE RETURNS

| Date | Type (All) | Description | Filed By |
|---|---|---|---|
| 06/04/2026 | | CONFORMED COPY - attorney copy | THE DOW CHEMICAL COMPANY |
| 06/04/2026 | | C/MAIL,POSTAGE/HANDLING - mailed PO | THE DOW CHEMICAL COMPANY |
| 06/01/2026 | | MOTION - JOINT MOTION FOR ENTRY OF CONSENT PROTECTIVE ORDER | THE DOW CHEMICAL COMPANY |
| 06/01/2026 | | CERTIFICATE OF SERVICE | THE DOW CHEMICAL COMPANY |
| 06/01/2026 | | PROTECTIVE ORDER - STIPULATED | THE DOW CHEMICAL COMPANY |
| 06/01/2026 | | EXHIBIT - A | THE DOW CHEMICAL COMPANY |
| 06/01/2026 | | ADVANCE DEPOSIT - BIENVENU, DAVID M | THE DOW CHEMICAL COMPANY |
| 05/26/2026 | | ADVANCE DEPOSIT - BIENVENU, DAVID M | THE DOW CHEMICAL COMPANY |
| 04/27/2026 | | MINUTE ENTRY | DYSART, DANIEL |
| 04/13/2026 | Court Event | HEARING 09:00 AM - Judge: HON. TONYA S. LURRY - Division: B | |
| 04/13/2026 | | LETTER - letter to continue without date | THE DOW CHEMICAL COMPANY |
| 04/06/2026 | | OPPOSITION - TO THE DOW CHEMICAL COMPANYS EXCEPTION OF NO CAUSE OF ACTION | DOUCET, NICHOLAS |
| 04/06/2026 | | ADVANCE DEPOSIT - DYSART, DANIEL | DOUCET, NICHOLAS |
| 03/17/2026 | | EXCEPTION - TURNER INDUSTRIES GROUP,LLC EXCEPTIONS, ANSWER, AND AFFIRMATIVE | TURNER INDUSTRIES GROUP, LLC |
| 03/17/2026 | | CONFORMED COPY | TURNER INDUSTRIES GROUP, LLC |
| 03/17/2026 | | ADVANCE DEPOSIT - KERRIGAN, JR., ROBERT E. | TURNER INDUSTRIES GROUP, LLC |
| 03/16/2026 | | ADVANCE DEPOSIT - BIENVENU, DAVID M | THE DOW CHEMICAL COMPANY |
| 03/10/2026 | Document | NOTICE OF ASSIGNMENT - VOGEL, ZOE C | |
| 03/10/2026 | Document | NOTICE OF ASSIGNMENT - THIBODEAUX, PAUL | |
| 03/10/2026 | Document | NOTICE OF ASSIGNMENT - PENDLEY, PATRICK W. | |
| 03/10/2026 | Document | NOTICE OF ASSIGNMENT - O'KEEFE, BRENNAN F | |
| 03/10/2026 | Document | NOTICE OF ASSIGNMENT - MILLER, KERRY J | |
| 03/10/2026 | Document | NOTICE OF ASSIGNMENT - DYSART, DANIEL | |

Clerk Connect - Clerk Connect - Iberville Parish Clerk of Court online access digital

| Date | Type | Description | | Balance |
|------|------|-------------|---|---------|
| 03/10/2026 | Document | NOTICE OF ASSIGNMENT - MARIONNEAUX, F CHARLES | | |
| 03/10/2026 | Document | NOTICE OF ASSIGNMENT - LAMBERT, M. PALMER | | $3.00 |
| 03/10/2026 | Document | NOTICE OF ASSIGNMENT - KERRIGAN, JR., ROBERT E. | | |
| 03/10/2026 | Document | NOTICE OF ASSIGNMENT - COFFIN, CHRISTOPHER L | | |
| 03/10/2026 | Document | NOTICE OF ASSIGNMENT - BIENVENU, DAVID M | | |
| 03/10/2026 | Document | NOTICE OF ASSIGNMENT - BERGERON, MONICA L | | |
| 03/10/2026 | Document | NOTICE OF ASSIGNMENT - AVANT, MELISSA JADE | | |
| 03/10/2026 | | CERTIFIED COPY | | THE DOW CHEMICAL COMPANY |
| 03/10/2026 | | CONFORMED COPY | | THE DOW CHEMICAL COMPANY |
| 03/10/2026 | | MINUTE ENTRY | | THE DOW CHEMICAL COMPANY |
| 03/10/2026 | | C/MAIL,POSTAGE/HANDLING | | THE DOW CHEMICAL COMPANY |
| 03/10/2026 | | COPY | | THE DOW CHEMICAL COMPANY |
| 03/10/2026 | | EMAIL CONFIRMATION | | THE DOW CHEMICAL COMPANY |
| 03/10/2026 | | ISSUE NOTICE OF ASSIGNMENT | | THE DOW CHEMICAL COMPANY |
| 03/06/2026 | | EXCEPTION - DOW CHEMICAL COMPANYS EXCEPTION ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF | | THE DOW CHEMICAL COMPANY |
| 03/06/2026 | | ORDER | | THE DOW CHEMICAL COMPANY |
| 03/06/2026 | | MEMORANDUM | | THE DOW CHEMICAL COMPANY |
| 03/06/2026 | | CERTIFICATE OF SERVICE | | THE DOW CHEMICAL COMPANY |
| 03/06/2026 | | ADVANCE DEPOSIT - MARIONNEAUX, F CHARLES | | THE DOW CHEMICAL COMPANY |
| 02/18/2026 | | AMENDED PETITION - THIRD AMENDED PETITION FOR DAMAGES | | DOUCET, NICHOLAS |
| 02/18/2026 | | ADVANCE DEPOSIT - MILLER, KERRY J | | DOUCET, NICHOLAS |
| 02/09/2026 | Court Event | JUDGMENT REVIEW 09:00 AM - Judge: HON. TONYA S. LURRY - Division: B | | |
| 01/21/2026 | Document | Notice of Judgement (Mail) - VOGEL, ZOE C | | |
| 01/21/2026 | Document | Notice of Judgement (Mail) - THIBODEAUX, PAUL | | |
| 01/21/2026 | Document | Notice of Judgement (Mail) - PENDLEY, PATRICK W. | | |
| 01/21/2026 | Document | Notice of Judgement (Mail) - O'KEEFE, BRENNAN F | | |
| 01/21/2026 | Document | Notice of Judgement (Mail) - MILLER, KERRY J | | |
| 01/21/2026 | Document | Notice of Judgement (Mail) - LAMBERT, M. PALMER | | |
| 01/21/2026 | Document | Notice of Judgement (Mail) - KERRIGAN, JR., ROBERT E. | | |
| 01/21/2026 | Document | Notice of Judgement (Mail) - DYSART, DANIEL | | |
| 01/21/2026 | Document | Notice of Judgement (Mail) - COFFIN, CHRISTOPHER L | | |
| 01/21/2026 | Document | Notice of Judgement (Mail) - BIENVENU, DAVID M | | |
| 01/21/2026 | Document | Notice of Judgement (Mail) - BERGERON, MONICA L | | |
| 01/21/2026 | Document | Notice of Judgement (Mail) - AVANT, MELISSA JADE | | |
| 01/21/2026 | Court Event | DOC MINUTE - Judge: Box Minute - Division: Box Minutes | | |
| 01/21/2026 | | CERTIFIED COPY | | THE DOW CHEMICAL COMPANY |
| 01/21/2026 | | MINUTE ENTRY | | THE DOW CHEMICAL COMPANY |
| 01/21/2026 | | ISSUE NOTICE OF JUDGMENT(MAIL) | | THE DOW CHEMICAL COMPANY |

Clerk Connect - Iberville Parish

| Date | Type | Description | | Balance | Party |
|------|------|-------------|---|---------|-------|
| /2026 | | C/MAIL,POSTAGE/HANDLING - NOJ TO ATTORNEYS | | $3.00 | THE DOW CHEMICAL COMPANY |
| 01/16/2026 | | JUDGMENT - JUDGMENT ON TURNER INDUSTRIES GROUP | | | THE DOW CHEMICAL COMPANY |
| 01/16/2026 | | ADVANCE DEPOSIT - AVANT, MELISSA JADE | | | THE DOW CHEMICAL COMPANY |
| 01/08/2026 | Court Event | MOTION 01:00 PM - Judge: HON. TONYA S. LURRY - Division: B | | | |
| 01/06/2026 | | REPLY - IN SUPPORT OF THE DOW CHEMICAL COMPANY'S EXCEPTION TO PLAINTIFFS' SECOND AMENDED PETITION FOR DAMAGES | | | THE DOW CHEMICAL COMPANY |
| 01/06/2026 | | EXHIBIT | | | THE DOW CHEMICAL COMPANY |
| 01/06/2026 | | CONFORMED COPY | | | THE DOW CHEMICAL COMPANY |
| 01/06/2026 | | ADVANCE DEPOSIT - BIENVENU, DAVID M | | | THE DOW CHEMICAL COMPANY |
| 01/06/2026 | | MOTION TO SUBSTITUTE COUNSEL | | | DOUCET, NICHOLAS |
| 01/06/2026 | | CERTIFICATE OF SERVICE | | | DOUCET, NICHOLAS |
| 01/06/2026 | | ORDER | | | DOUCET, NICHOLAS |
| 01/06/2026 | | CONFORMED COPY | | | DOUCET, NICHOLAS |
| 01/06/2026 | | ADVANCE DEPOSIT - VOGEL, ZOE C | | | DOUCET, NICHOLAS |
| 11/13/2025 | | LETTER - MOVING COURT DATE TO 1/8/2025 | | | THE DOW CHEMICAL COMPANY |
| 11/13/2025 | | OPEN COURT ROUGH M/E | | | DOUCET, NICHOLAS |
| 11/12/2025 | Court Event | HEARING 01:00 PM - Judge: HON. TONYA S. LURRY - Division: B | | | |
| 11/04/2025 | | EXCEPTION - PLAINTIFFS' OMNIBUS OPPOSITION TO DEFENDANTS' DILATORY EXCEPTIONS OF VAGUENESS AND AMBIGUITY | | | DOUCET, NICHOLAS |
| 11/04/2025 | | COPY | | | DOUCET, NICHOLAS |
| 11/04/2025 | | CONFORMED COPY | | | DOUCET, NICHOLAS |
| 11/04/2025 | | ADVANCE DEPOSIT - O'KEEFE, BRENNAN F | | | DOUCET, NICHOLAS |
| 10/29/2025 | | ADVANCE DEPOSIT - BIENVENU, DAVID M | | | THE DOW CHEMICAL COMPANY |
| 08/12/2025 | | MINUTE ENTRY | | | DOUCET, NICHOLAS |
| 08/11/2025 | Court Event | HEARING 01:00 PM - Judge: HON. TONYA S. LURRY - Division: B | | | |
| 07/29/2025 | | ADVANCE DEPOSIT - O'KEEFE, BRENNAN F | | | DOUCET, NICHOLAS |
| 07/25/2025 | Document | NOTICE OF ASSIGNMENT - PENDLEY, PATRICK W. | | | |
| 07/25/2025 | Document | NOTICE OF ASSIGNMENT - O'KEEFE, BRENNAN F | | | |
| 07/25/2025 | Document | NOTICE OF ASSIGNMENT - LAMBERT, M. PALMER | | | |
| 07/25/2025 | Document | NOTICE OF ASSIGNMENT - KERRIGAN, JR., ROBERT E. | | | |
| 07/25/2025 | Document | NOTICE OF ASSIGNMENT - COFFIN, CHRISTOPHER L | | | |
| 07/25/2025 | Document | NOTICE OF ASSIGNMENT - BIENVENU, DAVID M | | | |
| 07/25/2025 | Court Event | DOC MINUTE - Judge: Box Minute - Division: Box Minutes | | | |
| 07/25/2025 | | ISSUE NOTICE OF ASSIGNMENT - Court Date: 11/12/2025 | | | DOUCET, NICHOLAS |
| 07/25/2025 | | MINUTE ENTRY | | | DOUCET, NICHOLAS |
| 07/25/2025 | | CERTIFIED COPY | | | DOUCET, NICHOLAS |
| 07/25/2025 | | COPY | | | DOUCET, NICHOLAS |
| 07/25/2025 | | CONFORMED COPY | | | DOUCET, NICHOLAS |
| 07/25/2025 | | C/MAIL,POSTAGE/HANDLING | | | DOUCET, NICHOLAS |
| 07/25/2025 | | EMAIL CONFIRMATION | | | DOUCET, NICHOLAS |
| 07/21/2025 | Document | NOTICE OF ASSIGNMENT - VOGEL, ZOE C | | | |
| 07/21/2025 | Document | NOTICE OF ASSIGNMENT - PENDLEY, PATRICK W. | | | |
| 07/21/2025 | Document | NOTICE OF ASSIGNMENT - O'KEEFE, BRENNAN F | | | |
| 07/21/2025 | Document | NOTICE OF ASSIGNMENT - LAMBERT, M. PALMER | | | |

Case 3:26-cv-00847-EWD    Document 1-5    08/06/26    Page 4 of 72

| Date | Type | Description | Party |
|---|---|---|---|
| 07/21/2025 | Document | NOTICE OF ASSIGNMENT - KERRIGAN, JR., ROBERT E. | |
| 07/20/2025 | Document | NOTICE OF ASSIGNMENT - COFFIN, CHRISTOPHER L | |
| 07/21/2025 | Document | NOTICE OF ASSIGNMENT - BIENVENU, DAVID M | |
| 07/21/2025 | Court Event | DOC MINUTE - Judge: Box Minute - Division: Box Minutes | |
| 07/21/2025 | | MOTION | DOUCET, NICHOLAS |
| 07/21/2025 | | CERTIFICATE OF SERVICE | DOUCET, NICHOLAS |
| 07/21/2025 | | ORDER | DOUCET, NICHOLAS |
| 07/21/2025 | | COPY | DOUCET, NICHOLAS |
| 07/21/2025 | | CONFORMED COPY | DOUCET, NICHOLAS |
| 07/21/2025 | | ADVANCE DEPOSIT - O'KEEFE, BRENNAN F | DOUCET, NICHOLAS |
| 07/21/2025 | | ISSUE NOTICE OF ASSIGNMENT - Court Date: 8/11/2025 | TURNER INDUSTRIES GROUP, LLC |
| 07/21/2025 | | COPY | TURNER INDUSTRIES GROUP, LLC |
| 07/21/2025 | | MINUTE ENTRY | TURNER INDUSTRIES GROUP, LLC |
| 07/21/2025 | | EMAIL CONFIRMATION | TURNER INDUSTRIES GROUP, LLC |
| 07/21/2025 | | C/MAIL,POSTAGE/HANDLING | TURNER INDUSTRIES GROUP, LLC |
| 07/21/2025 | | CERTIFIED COPY | TURNER INDUSTRIES GROUP, LLC |
| 07/21/2025 | | CONFORMED COPY | TURNER INDUSTRIES GROUP, LLC |
| 07/15/2025 | | EXCEPTION - TURNER INDUSTRIES GROUP, LLC'S EXCEPTIONS TO PLAINTIFFS SECOND AMENDED PETITION FOR DAMAGES- EFILED | TURNER INDUSTRIES GROUP, LLC |
| 07/15/2025 | | RULE TO SHOW CAUSE - EFILED | TURNER INDUSTRIES GROUP, LLC |
| 07/15/2025 | | EXCEPTION - TURNER INDUSTRIES GROUP, LLC'S EXCEPTIONS TO PLAINTIFFS SECOND AMENDED PETITION FOR DAMAGES- EFILED | TURNER INDUSTRIES GROUP, LLC |
| 07/15/2025 | | EXHIBIT - EFILED | TURNER INDUSTRIES GROUP, LLC |
| 07/15/2025 | | COPY | TURNER INDUSTRIES GROUP, LLC |
| 07/15/2025 | | CONFORMED COPY | TURNER INDUSTRIES GROUP, LLC |
| 07/15/2025 | | ADVANCE DEPOSIT - KERRIGAN, JR., ROBERT E. | TURNER INDUSTRIES GROUP, LLC |
| 07/03/2025 | Document | NOTICE OF ASSIGNMENT - VOGEL, ZOE C | |
| 07/03/2025 | Document | NOTICE OF ASSIGNMENT - PENDLEY, PATRICK W. | |
| 07/03/2025 | Document | NOTICE OF ASSIGNMENT - O'KEEFE, BRENNAN F | |
| 07/03/2025 | Document | NOTICE OF ASSIGNMENT - LAMBERT, M. PALMER | |
| 07/03/2025 | Document | NOTICE OF ASSIGNMENT - KERRIGAN, JR., ROBERT E. | |
| 07/03/2025 | Document | NOTICE OF ASSIGNMENT - COFFIN, CHRISTOPHER L | |
| 07/03/2025 | Document | NOTICE OF ASSIGNMENT - BIENVENU, DAVID M | |
| 07/03/2025 | Court Event | DOC MINUTE - Judge: Box Minute - Division: Box Minutes | |
| 07/03/2025 | | COPY | THE DOW CHEMICAL COMPANY |
| 07/03/2025 | | CERTIFIED COPY | THE DOW CHEMICAL COMPANY |
| 07/03/2025 | | CONFORMED COPY | THE DOW CHEMICAL COMPANY |
| 07/03/2025 | | MINUTE ENTRY | THE DOW CHEMICAL COMPANY |

8/4/26, 2:59 PM
Case 3:26-cv-00847-EWD    Document 1-5    08/06/26    Page 5 of 72
Clerk Connect - Iberville Parish Clerk of Court online access legal

| | Clerk Connect - Iberville Parish | | | |
|---|---|---|---|---|
| 2025 (/Content/Help/helpv7.pdf) | | C/MAIL,POSTAGE/HANDLING | **Balance** $3.00 | THE DOW CHEMICAL COMPANY |
| 07/03/2025 | | ISSUE NOTICE OF ASSIGNMENT - Court Date: 8/11/2025 | | THE DOW CHEMICAL COMPANY |
| 07/01/2025 | | EXCEPTION - THE DOW CHEMICAL COMPANYS EXCEPTION TO PLAINTIFFS SECOND AMENDED PETITION FOR DAMAGES | | THE DOW CHEMICAL COMPANY |
| 07/01/2025 | | ORDER | | THE DOW CHEMICAL COMPANY |
| 07/01/2025 | | MEMORANDUM - MEMORANDUM IN SUPPORT OF THE DOW CHEMICAL COMPANYS EXCEPTION | | THE DOW CHEMICAL COMPANY |
| 07/01/2025 | | EXHIBIT | | THE DOW CHEMICAL COMPANY |
| 07/01/2025 | | COPY | | THE DOW CHEMICAL COMPANY |
| 07/01/2025 | | CONFORMED COPY | | THE DOW CHEMICAL COMPANY |
| 07/01/2025 | | ADVANCE DEPOSIT - BIENVENU, DAVID M | | THE DOW CHEMICAL COMPANY |
| 06/06/2025 | | MOTION TO ENROLL | | DOUCET, NICHOLAS |
| 06/06/2025 | | ORDER | | DOUCET, NICHOLAS |
| 06/06/2025 | | COPY | | DOUCET, NICHOLAS |
| 06/06/2025 | | CONFORMED COPY | | DOUCET, NICHOLAS |
| 06/06/2025 | | ADVANCE DEPOSIT - ELMER, KAJA | | DOUCET, NICHOLAS |
| 06/02/2025 | | ADVANCE DEPOSIT - BIENVENU, DAVID M | | THE DOW CHEMICAL COMPANY |
| 05/09/2025 | | AMENDED PETITION - SECOND AMENDED PETITION | | DOUCET, NICHOLAS |
| 05/09/2025 | | COPY | | DOUCET, NICHOLAS |
| 05/09/2025 | | CONFORMED COPY | | DOUCET, NICHOLAS |
| 05/09/2025 | | ADVANCE DEPOSIT - O'KEEFE, BRENNAN F | | DOUCET, NICHOLAS |
| 03/12/2025 | Document | Notice of Judgement (Mail) - PENDLEY, PATRICK W. | | |
| 03/12/2025 | Document | Notice of Judgement (Mail) - O'KEEFE, BRENNAN F | | |
| 03/12/2025 | Document | Notice of Judgement (Mail) - LAMBERT, M. PALMER | | |
| 03/12/2025 | Document | Notice of Judgement (Mail) - KERRIGAN, JR., ROBERT E. | | |
| 03/12/2025 | Document | Notice of Judgement (Mail) - COFFIN, CHRISTOPHER L | | |
| 03/12/2025 | Document | Notice of Judgement (Mail) - BIENVENU, DAVID M | | |
| 03/12/2025 | Court Event | DOC MINUTE - Judge: Box Minute - Division: Box Minutes | | |
| 03/12/2025 | | CONFORMED COPY | | THE DOW CHEMICAL COMPANY |
| 03/12/2025 | | MINUTE ENTRY | | THE DOW CHEMICAL COMPANY |
| 03/12/2025 | | ISSUE NOTICE OF JUDGMENT(MAIL) | | THE DOW CHEMICAL COMPANY |
| 03/03/2025 | | JUDGMENT | | THE DOW CHEMICAL COMPANY |
| 03/03/2025 | | COPY | | THE DOW CHEMICAL COMPANY |
| 03/03/2025 | | CONFORMED COPY | | THE DOW CHEMICAL COMPANY |
| 03/03/2025 | | ADVANCE DEPOSIT - BIENVENU, DAVID M | | THE DOW CHEMICAL COMPANY |
| 02/13/2025 | | ORDER | | DOUCET, NICHOLAS |
| 02/13/2025 | | CONFORMED COPY | | DOUCET, NICHOLAS |
| 02/13/2025 | | C/MAIL,POSTAGE/HANDLING | | DOUCET, NICHOLAS |
| 02/11/2025 | | OPEN COURT ROUGH M/E | | DOUCET, NICHOLAS |

Case 3:26-cv-00847-EWD    Document 1-5    08/06/26    Page 6 of 72

| Date | Type | Description | Party |
|---|---|---|---|
| 02/10/2025 | Court Event | HEARING 01:00 PM - Judge: HON. TONYA S. LURRY - Division: B | |
| 02/10/2025 | Court Event | HEARING 01:00 PM - Judge: HON. TONYA S. LURRY - Division: B | |
| 02/07/2025 | | ORDER - (EFILED) | DOUCET, NICHOLAS |
| 02/07/2025 | | CERTIFIED COPY | DOUCET, NICHOLAS |
| 02/07/2025 | | CONFORMED COPY | DOUCET, NICHOLAS |
| 02/07/2025 | | COPY | DOUCET, NICHOLAS |
| 02/07/2025 | | C/MAIL,POSTAGE/HANDLING - MOTION AND ORDER MAILED TO ALL ATTORNEYS | DOUCET, NICHOLAS |
| 02/06/2025 | | REPLY | THE DOW CHEMICAL COMPANY |
| 02/06/2025 | | CERTIFICATE OF SERVICE | THE DOW CHEMICAL COMPANY |
| 02/06/2025 | | COPY | THE DOW CHEMICAL COMPANY |
| 02/06/2025 | | CONFORMED COPY | THE DOW CHEMICAL COMPANY |
| 02/06/2025 | | ADVANCE DEPOSIT - BIENVENU, DAVID M | THE DOW CHEMICAL COMPANY |
| 02/06/2025 | | MOTION TO ENROLL | DOUCET, NICHOLAS |
| 02/06/2025 | | CERTIFICATE OF SERVICE | DOUCET, NICHOLAS |
| 02/06/2025 | | COPY | DOUCET, NICHOLAS |
| 02/06/2025 | | CONFORMED COPY | DOUCET, NICHOLAS |
| 02/06/2025 | | ADVANCE DEPOSIT - O'KEEFE, BRENNAN F | DOUCET, NICHOLAS |
| 02/06/2025 | | EXHIBIT | THE DOW CHEMICAL COMPANY |
| 02/06/2025 | | COPY | THE DOW CHEMICAL COMPANY |
| 02/06/2025 | | CONFORMED COPY | THE DOW CHEMICAL COMPANY |
| 02/06/2025 | | ADVANCE DEPOSIT - BIENVENU, DAVID M | THE DOW CHEMICAL COMPANY |
| 02/05/2025 | | EMAIL CONFIRMATION | DOUCET, NICHOLAS |
| 02/05/2025 | | NOTICE - OF ENROLLMENT OF ADDITIONAL COUNSEL OF RECORD | THE DOW CHEMICAL COMPANY |
| 02/05/2025 | | CERTIFICATE OF SERVICE | THE DOW CHEMICAL COMPANY |
| 02/05/2025 | | COPY | THE DOW CHEMICAL COMPANY |
| 02/05/2025 | | CONFORMED COPY | THE DOW CHEMICAL COMPANY |
| 02/05/2025 | | ADVANCE DEPOSIT - BIENVENU, DAVID M | THE DOW CHEMICAL COMPANY |
| 01/31/2025 | | OPPOSITION - PLAINTIFF'S OPPOSITION TO DEFENDANTS' DILATORY EXCEPTIONS OF VAGUENESS AND AMBIGUITY AND PEREMPTORY EXCEPTIONS OF NO CAUSE OF ACTION (EFILED) | DOUCET, NICHOLAS |
| 01/31/2025 | | CERTIFICATE OF SERVICE - (EFILED) | DOUCET, NICHOLAS |
| 01/31/2025 | | ADVANCE DEPOSIT - O'KEEFE, BRENNAN F | DOUCET, NICHOLAS |
| 01/31/2025 | | MOTION TO ENROLL - MOTION TO ENROLL ADDITIONAL COUNSEL OF RECORD (EFILED) | DOUCET, NICHOLAS |
| 01/31/2025 | | COPY | DOUCET, NICHOLAS |
| 01/31/2025 | | CONFORMED COPY | DOUCET, NICHOLAS |
| 01/31/2025 | | ADVANCE DEPOSIT - O'KEEFE, BRENNAN F | DOUCET, NICHOLAS |
| 01/13/2025 | Court Event | HEARING 01:00 PM - Judge: HON. TONYA S. LURRY - Division: B | |
| 12/11/2024 | | OPEN COURT ROUGH M/E | DOUCET, NICHOLAS |
| 12/06/2024 | Document | NOTICE OF ASSIGNMENT - O'KEEFE, BRENNAN F | |

Case 3:26-cv-00847-EWD    Document 1-5    08/06/26    Page 7 of 72

| | | | |
|---|---|---|---|
| 12/06/2024 | Document | NOTICE OF ASSIGNMENT - KERRIGAN, JR., ROBERT E. | |
| 12/06/2024 | Document | NOTICE OF ASSIGNMENT - BIENVENU, DAVID M | |
| 12/06/2024 | | ORDER - Moving court date to 2/10/2025 @1pm Signed | DOUCET, NICHOLAS |
| 12/06/2024 | | COPY | DOUCET, NICHOLAS |
| 12/06/2024 | | CONFORMED COPY | DOUCET, NICHOLAS |
| 12/06/2024 | | CERTIFIED COPY | DOUCET, NICHOLAS |
| 12/06/2024 | | ISSUE NOTICE OF ASSIGNMENT - Court Date: 2/10/2025 | DOUCET, NICHOLAS |
| 12/05/2024 | | LETTER - RESET COURT DATE | DOUCET, NICHOLAS |
| 12/05/2024 | | COPY | DOUCET, NICHOLAS |
| 12/05/2024 | | CONFORMED COPY | DOUCET, NICHOLAS |
| 11/25/2024 | Document | Rule to Show Cause - TURNER INDUSTRIES GROUP, LLC | |
| 11/25/2024 | Document | Rule to Show Cause - THE DOW CHEMICAL COMPANY | |
| 11/25/2024 | Document | Rule to Show Cause - O'KEEFE, BRENNAN F | |
| 11/25/2024 | Document | Rule to Show Cause - LEWIS, RAYMOND C | |
| 11/25/2024 | Document | Rule to Show Cause - BIENVENU, DAVID M | |
| 11/25/2024 | | RULE TO SHOW CAUSE - SIGNED// January 13th, 2025 @1pm | TURNER INDUSTRIES GROUP, LLC |
| 11/25/2024 | | COPY | TURNER INDUSTRIES GROUP, LLC |
| 11/25/2024 | | CONFORMED COPY | TURNER INDUSTRIES GROUP, LLC |
| 11/25/2024 | | CERTIFIED COPY | TURNER INDUSTRIES GROUP, LLC |
| 11/25/2024 | | ISSUE RULE TO SHOW CAUSE - Court Date: 1/13/2025 | TURNER INDUSTRIES GROUP, LLC |
| 11/25/2024 | | MOTION TO CONTINUE - EX PARTE/CONSENT MOTION TO CONTINUE HEARING (EFILED) | DOUCET, NICHOLAS |
| 11/25/2024 | | ORDER - NOT SIGNED (EFILED) | DOUCET, NICHOLAS |
| 11/25/2024 | | COPY | DOUCET, NICHOLAS |
| 11/25/2024 | | CONFORMED COPY | DOUCET, NICHOLAS |
| 11/25/2024 | | ADVANCE DEPOSIT - O'KEEFE, BRENNAN F | DOUCET, NICHOLAS |
| 11/19/2024 | | ANSWER | TURNER INDUSTRIES GROUP, LLC |
| 11/19/2024 | | RULE TO SHOW CAUSE - not signed | TURNER INDUSTRIES GROUP, LLC |
| 11/19/2024 | | MEMORANDUM | TURNER INDUSTRIES GROUP, LLC |
| 11/19/2024 | | ADVANCE DEPOSIT - LEWIS, RAYMOND C | TURNER INDUSTRIES GROUP, LLC |
| 11/13/2024 | Document | NOTICE OF ASSIGNMENT - O'KEEFE, BRENNAN F | |
| 11/13/2024 | Document | NOTICE OF ASSIGNMENT - BIENVENU, DAVID M | |
| 11/13/2024 | | ORDER - 12/9/2024 @1pm signed | THE DOW CHEMICAL COMPANY |
| 11/13/2024 | | COPY | THE DOW CHEMICAL COMPANY |
| 11/13/2024 | | CONFORMED COPY | THE DOW CHEMICAL COMPANY |
| 11/13/2024 | | CERTIFIED COPY | THE DOW CHEMICAL COMPANY |
| 11/13/2024 | | COPY | THE DOW CHEMICAL COMPANY |
| 11/13/2024 | | ISSUE NOTICE OF ASSIGNMENT - Court Date: 12/9/2024 | THE DOW CHEMICAL COMPANY |
| 11/04/2024 | Document | Sheriff Return - 11/4/2024 | |

| Date | Type | Description | Party |
|---|---|---|---|
| 11/05/2024 | | SHERIFF RETURN - TURNER INDUSTRIES GROUP LLC 8687 UNITED PLAZA BLVD BATON ROUGE, LA 70809 | Balance $3.00 |
| 11/04/2024 | | SHERIFF'S NOTICE | |
| 10/31/2024 | | EXCEPTION - THE DOW CHEMICAL COMPANY'S EXCEPTIONS TO PLAINTIFFS' PETITION FOR DAMAGES AND FIRST AMENDED PETITION FOR DAMAGES ( EFILED) | THE DOW CHEMICAL COMPANY |
| 10/31/2024 | | ORDER - NOT SIGNED (EFILED) | THE DOW CHEMICAL COMPANY |
| 10/31/2024 | | MEMORANDUM - MEMORANDUM IN SUPPORT OF THE DOW CHEMICAL COMPANY'S EXCEPTIONS (EFILED) | THE DOW CHEMICAL COMPANY |
| 10/31/2024 | | REQUEST FOR NOTICE - REQUEST FOR NOTICE ON BEHALF OF THE DOW CHEMICAL COMPANY (EFILED) | THE DOW CHEMICAL COMPANY |
| 10/31/2024 | | COPY | THE DOW CHEMICAL COMPANY |
| 10/31/2024 | | CONFORMED COPY | THE DOW CHEMICAL COMPANY |
| 10/31/2024 | | ADVANCE DEPOSIT - BIENVENU, DAVID M | THE DOW CHEMICAL COMPANY |
| 10/28/2024 | Service Return | Intended For: TURNER INDUSTRIES GROUP, LLC<br>Item Served: Citation for Petition<br>Served How: DOMICILIARY | |
| 10/21/2024 | Document | Citation for Petition - TURNER INDUSTRIES GROUP, LLC | |
| 10/21/2024 | | ISSUE CITATION | DOUCET, NICHOLAS |
| 10/21/2024 | | OUT-OF-PARISH SHERIFF FEE | DOUCET, NICHOLAS |
| 10/21/2024 | | OUT-OF-PARISH SHERIFF FEE | DOUCET, NICHOLAS |
| 10/17/2024 | | SHERIFF RETURN - THE DOW CHEMICAL COMPANY | O'KEEFE, BRENNAN F |
| 10/17/2024 | | SHERIFF RETURN - TURNER INDUSTRIES GROUP LLC | O'KEEFE, BRENNAN F |
| 10/17/2024 | | SHERIFF'S NOTICE | O'KEEFE, BRENNAN F |
| 10/17/2024 | | SHERIFF'S NOTICE | O'KEEFE, BRENNAN F |
| 10/10/2024 | Service Return | Intended For: THE DOW CHEMICAL COMPANY<br>Item Served: Citation for Petition<br>Served How: DOMICILIARY | |
| 10/08/2024 | Service Return | Intended For: TURNER INDUSTRIES GROUP LLC<br>Item Served: Citation for Petition<br>Served How: DOMICILIARY | |
| 10/07/2024 | | HOLDING LETTER - LETTER TO CANCEL SERVICE OF THE AMENDED PETITION FOR DEFENDANTS | THIBODEAUX, JUANITA |
| 10/07/2024 | | ADVANCE DEPOSIT - O'KEEFE, BRENNAN F | THIBODEAUX, JUANITA |
| 10/03/2024 | | OUT-OF-PARISH SHERIFF FEE | O'KEEFE, BRENNAN F |
| 10/03/2024 | | SHERIFF'S NOTICE | O'KEEFE, BRENNAN F |
| 09/27/2024 | | PETITION-DAMAGES - first amended petition for damages | DOUCET, NICHOLAS |
| 09/27/2024 | | COPY | DOUCET, NICHOLAS |
| 09/27/2024 | | CONFORMED COPY | DOUCET, NICHOLAS |
| 09/27/2024 | | CERTIFIED COPY | DOUCET, NICHOLAS |
| 09/27/2024 | | ADVANCE DEPOSIT - O'KEEFE, BRENNAN F | DOUCET, NICHOLAS |
| 08/30/2024 | | ORDER - SIGNED | DOUCET, NICHOLAS |
| 08/30/2024 | | COPY | DOUCET, NICHOLAS |
| 08/30/2024 | | CONFORMED COPY | DOUCET, NICHOLAS |
| 08/22/2024 | | MOTION FOR EXTENSION OF TIME | DOUCET, NICHOLAS |
| 08/22/2024 | | CERTIFICATE OF SERVICE | DOUCET, NICHOLAS |
| 08/22/2024 | | ORDER | DOUCET, NICHOLAS |
| 08/22/2024 | | COPY | DOUCET, NICHOLAS |

| | Date | | Description | Balance | Clerk |
|---|---|---|---|---|---|
| | 08/22/2024 | | ADVANCE DEPOSIT - O'KEEFE, BRENNAN F | $3.00 | DOUCET, NICHOLAS |
| | 08/05/2024 | | NOTICE OF SERVICE - O'KEEFE, BRENNAN F | | THIBODEAUX, JUANITA |
| | 08/05/2024 | | RETURN | | THIBODEAUX, JUANITA |
| | 07/26/2024 | | NOTICE OF SERVICE - O'KEEFE, BRENNAN F | | THIBODEAUX, JUANITA |
| | 07/26/2024 | | RETURN | | THIBODEAUX, JUANITA |
| | 07/16/2024 | | CITATION - THE DOW CHEMICAL COMPANY | | THIBODEAUX, JUANITA |
| | 07/16/2024 | | SHERIFF RETURN FOR: - SHERIFF RETURN FOR:O'KEEFE -Personal -7/22/2024 - Yes | | THIBODEAUX, JUANITA |
| | 07/16/2024 | | CERTIFIED COPY - CERTIFIED COPY-2 | | THIBODEAUX, JUANITA |
| | 07/16/2024 | | CITATION - TURNER INDUSTRIES GROUP, LLC | | THIBODEAUX, JUANITA |
| | 07/16/2024 | | SHERIFF RETURN FOR: - SHERIFF RETURN FOR:O'KEEFE -Personal -7/24/2024 - Yes | | THIBODEAUX, JUANITA |
| | 07/16/2024 | | XEROX COPIES - XEROX COPIES FOR SERVICE | | THIBODEAUX, JUANITA |
| | 07/16/2024 | | MISC. - SHERIFF'S CHECK FOR SERVICE | | THIBODEAUX, JUANITA |
| | 07/12/2024 | | CONVERSION CHARGE - DIVISION AUTO ASSIGNED TO: B | | |
| | 07/12/2024 | | CONVERSION CHARGE - JUDGE AUTO ASSIGNED TO: HON. TONYA S. LURRY | | |
| | 07/12/2024 | | PETITION - PETITION FOR DAMAGES E FILED | | THIBODEAUX, JUANITA |
| | 07/12/2024 | | 18TH JDC EXPENSE FUND | | THIBODEAUX, JUANITA |
| | 07/12/2024 | | JUDGES SUPPLEMENTAL FUND | | THIBODEAUX, JUANITA |
| | 07/12/2024 | | JUDICIAL EXPENSE FUND - 18TH J - JUDICIAL EXPENSE FUND - 18TH JDC | | THIBODEAUX, JUANITA |
| | 07/12/2024 | | INITIALIZATION FEE - INITIALIZATION FEE | | THIBODEAUX, JUANITA |
| | 07/12/2024 | | INDEXING PER NAME (PER NAME) | | THIBODEAUX, JUANITA |
| | 07/12/2024 | | STAMP COPY | | THIBODEAUX, JUANITA |
| | 07/12/2024 | | LA JUDICIAL COLLEGE COLLECTION - LA JUDICIAL COLLEGE COLLECTIONS | | THIBODEAUX, JUANITA |
| | 07/12/2024 | | DEPOSIT - DEPOSIT ACH BY O'KEEFE, BRENNAN F | | THIBODEAUX, JUANITA |
| | 07/12/2024 | | MISC. - RECORD COPY E FILED | | THIBODEAUX, JUANITA |
| | 07/12/2024 | | MISC. - PAYMENT RECEIPT E FILED | | THIBODEAUX, JUANITA |

Version#3.0.41.3

# CITATION

JUANITA  THIBODEAUX, ET AL

Versus

THE DOW CHEMICAL COMPANY, ET AL

Case: 083464
Division: B
18th Judicial District Court
Parish of Iberville
State of Louisiana

The State of Louisiana and said Court to:
TURNER INDUSTRIES GROUP, LLC
THROUGH ITS REGISTERED AGENT:
JOHN H. FENNER, III
8687 UNITED PLAZA BLVD.
BATON ROUGE, LA 70809

*You are named as a defendant in the above captioned matter.   Attached to this citation is a:*

☒ Certified Copy of Original Petition        ☐  Certified Copy of Amended Petition        ☐  Discovery Request

You must either comply with the demand contained in the petition or make an appearance either by filing an answer or other pleading in the office of the Clerk of the Eighteenth Judicial District Court in the Iberville Parish Court House in the City of Plaquemine in said Parish within the delay provided in Article 1001 of the Louisiana Code of Civil Procedure under penalty of default.

**Article 1001 of the Louisiana Code of Civil Procedure states:**

A.  A defendant shall file his answer within **twenty-one (21) days** after service of Citation upon him, except as otherwise provided by law.

If the plaintiff files and serves a Discovery Request with his Petition, the defendant shall file his answer to the petition within **thirty (30)** days after service of the amended petition.

B.   When an Exception is filed prior to Answer and is overruled or referred to the merits, or is sustained and an Amendment of the Petition ordered, the Answer shall be filed within **fifteen (15) days** after the exception is overruled or referred to the merits, or **fifteen (15) days** after service of the Amended Petition.

C.  The Court may grant additional time for answering.

**Article 1151 of the Louisiana Code of Civil Procedure provides in pertinent part:**

A defendant shall plead in response to an Amended Petition within the time remaining for pleading to the Original. Pleading or with **ten (10) days** after service of the Amended Petition, whichever period is longer, unless the time is extended under Article 1001.

*WITNESS THE HONORABLE TONYA S. LURRY, JUDGE OF SAID COURT, this 16TH day of JULY, 2024.*

BY:_____
*Deputy Clerk of Court*

**THE CLERK OF COURT'S STAFF CANNOT PROVIDE LEGAL ADVICE.**

---

## Service Information

*Received on the _____ day of _____, 20_____ and on the _____ day of _____, 20_____ served the above named party as follows:*

**Personal Service** *on the party herein named _____.*
**Domiciliary Service** *on the party herein named by leaving the same at his/her domicile in the parish in the hands of _____, a person apparently over the age of seventeen years, living and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said person, said party herein being absent from his/her residence at the time of said service. Returned: Parish of _____ this _____ day of _____, 20_____.*

Service          $_____

Mileage         $_____

Total            $_____

By: _____
*Deputy Sheriff*

FOOTERAREA

**Wolters Kluwer**

**CT Corporation**
**Service of Process Notification**
07/22/2024
CT Log Number 546915611

## Service of Process Transmittal Summary

**TO:**     Litigation Nms Focal Point
The Dow Chemical Company
2040 DOW BLDG OFFICE 2052OS, 2211 H.H. DOW WAY
MIDLAND, MI 48674-0001

**RE:**     **Process Served in Louisiana**

**FOR:**    The Dow Chemical Company  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | JUANITA THIBODEAUX AND NICHOLAS DOUCET, EACH INDIVIDUALLY AND ON BEHALF OF A CLASS OF SIMILARLY SITUATED INDIVIDUALS vs. THE DOW CHEMICAL COMPANY |
| **DOCUMENT(S) SERVED:** | Citation, Petition |
| **COURT/AGENCY:** | 18th Judicial District Court Parish of Iberville, LA<br>Case # 083464 |
| **NATURE OF ACTION:** | Environmental Litigation - Personal Injury - 07/14/2024 |
| **PROCESS SERVED ON:** | C T Corporation System, Baton Rouge, LA |
| **DATE/METHOD OF SERVICE:** | By Process Server on 07/22/2024 at 10:01 |
| **JURISDICTION SERVED:** | Louisiana |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service |
| **ATTORNEY(S)/SENDER(S):** | KERRY J. MILLER<br>FISHMAN HAYGOOD, LLP<br>20.1 St. Charles Avenue, Suite 4600<br>New Orleans, LA 70170<br>504-586-5252 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 07/23/2024, Expected Purge Date: 07/28/2024<br><br>Image SOP<br><br>Email Notification,  Litigation Nms Focal Point  fmdnmsp@dow.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System<br>3867 Plaza Tower Dr.<br>Baton Rouge, LA 70816<br>877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT



**CT Corporation**
**Service of Process Notification**
07/22/2024
CT Log Number 546915611

disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:** Mon, Jul 22, 2024

**Server Name:** Drop Service

| Entity Served | THE DOW CHEMICAL COMPANY |
|---|---|
| Case Number | 083464 |
| Jurisdiction | LA |

| Inserts | | |
|---|---|---|
| | | |



# CITATION

| | | |
|---|---|---|
| *JUANITA THIBODEAUX, ET AL* | | Case: 083464 |
| | | Division: B |
| *Versus* | | *18th Judicial District Court* |
| | | *Parish of Iberville* |
| *THE DOW CHEMICAL COMPANY, ET AL* | | *State of Louisiana* |

*SERVE TIME*

*The State of Louisiana and said Court to:*
*THE DOW CHEMICAL COMPANY*
*THROUGH ITS REGISTERED AGENT*
*CT CORPORATION SYSTEM*
*3867 PLAZA TOWER DR.*
*BATON ROUGE, LA 70816*

*You are named as a defendant in the above captioned matter. Attached to this citation is a:*

☒ Certified Copy of Original Petition     ☐ Certified Copy of Amended Petition     ☐ Discovery Request

You must either comply with the demand contained in the petition or make an appearance either by filing an answer or other pleading in the office of the Clerk of the Eighteenth Judicial District Court in the Iberville Parish Court House in the City of Plaquemine in said Parish within the delay provided in Article 1001 of the Louisiana Code of Civil Procedure under penalty of default.

**Article 1001 of the Louisiana Code of Civil Procedure states:**

A. A defendant shall file his answer within **twenty-one (21) days** after service of Citation upon him, except as otherwise provided by law.

If the plaintiff files and serves a Discovery Request with his Petition, the defendant shall file his answer to the petition within **thirty (30)** days after service of the amended petition.

B. When an Exception is filed prior to Answer and is overruled or referred to the merits, or is sustained and an Amendment of the Petition ordered, the Answer shall be filed within **fifteen (15) days** after the exception is overruled or referred to the merits, or **fifteen (15) days** after service of the Amended Petition.

C. The Court may grant additional time for answering.

**Article 1151 of the Louisiana Code of Civil Procedure provides in pertinent part:**

A defendant shall plead in response to an Amended Petition within the time remaining for pleading to the Original. Pleading or with **ten (10) days** after service of the Amended Petition, whichever period is longer, unless the time is extended under Article 1001.

*WITNESS THE HONORABLE TONYA S. LURRY, JUDGE OF SAID COURT, this 16TH day of JULY, 2024.*

BY: _____
*Deputy Clerk of Court*

**THE CLERK OF COURT'S STAFF CANNOT PROVIDE LEGAL ADVICE.**

---

## *Service Information*

*Received on the _____ day of _____, 20_____ and on the _____ day of _____, 20_____ served the above named party as follows:*

**Personal Service** *on the party herein named _____.*
**Domiciliary Service** *on the party herein named by leaving the same at his/her domicile in the parish in the hands of _____, a person apparently over the age of seventeen years, living and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said person, said party herein being absent from his/her residence at the time of said service. Returned:*
*Parish of _____ this _____ day of _____, 20_____.*

Service    $_____

Mileage    $_____            By: _____
                                           *Deputy Sheriff*

Total       $_____

[ ORIGINAL ]

# 18TH JUDICIAL DISTRICT COURT FOR THE PARISH OF IBERVILLE

## STATE OF LOUISIANA

NO. 83464    DIVISION: B

### JUANITA THIBODEAUX AND NICHOLAS DOUCET, EACH INDIVIDUALLY AND ON BEHALF OF A CLASS OF SIMILARLY SITUATED INDIVIDUALS

### VERSUS

### THE DOW CHEMICAL COMPANY AND TURNER INDUSTRIES GROUP, L.L.C.

FILED: _____    _____

DEPUTY CLERK

## PETITION FOR DAMAGES

NOW INTO COURT, by and through undersigned counsel, come Petitioners, Juanita Thibodeaux and Nicholas Doucet, each individually and on behalf of a class of all those similarly situated as defined below (the "Class"), who respectfully aver as follows.

## PARTIES

1.

Petitioner Juanita Thibodeaux (individually referred to as "Petitioner Thibodeaux") is a person of the full age of majority and domiciled in West Baton Rouge Parish, State of Louisiana.

2.

Petitioner Nicholas Doucet (individually referred to as "Petitioner Doucet") is a person of the full age of majority and domiciled in Evangeline Parish, State of Louisiana.

3.

Defendant, The Dow Chemical Company (hereinafter "Dow"), is a Delaware corporation licensed to do and doing business in the State of Louisiana.

4.

Defendant, Turner Industries Group, L.L.C. (hereinafter "Turner"), is a Louisiana Limited Liability Company doing business in the State of Louisiana. Upon information and belief, Turner has one or more members domiciled in the State of Louisiana.

1

Iberville
AMY MATIRNE PATIN
SHAQUONIA GREVIOUS
Suit# C-83464
E-Filed on: 7/12/24 10:11 AM
Filed on: 7/12/24 11:34 AM
# of Pages:20

## JURISDICTION AND VENUE

5.

This Court has jurisdiction over Defendants because Defendants are licensed to do and doing business within the State of Louisiana.

6.

Venue is proper in Iberville Parish because the events giving rise to the claims herein occurred there.

## BACKGROUND FACTS

7.

At all pertinent times hereto, Dow owned and/or operated a petrochemical facility, including a chemical plant located at 21255 LA Highway 1-S, Plaquemine, Louisiana 70764 (the "Dow Chemical Plant"). Plaquemine, Louisiana is a town in Iberville Parish located just southwest across the Mississippi river from Baton Rouge.

8.

Dow is among the largest chemical producers in the world, with a presence in over 160 countries and employing tens of thousands of employees, and billions of dollars in annual revenue. Dow serves its products to various industries, including oil and gas, agriculture, construction, and mining, among others, and is the largest petrochemical company in the state.

9.

Turner is an industrial contractor advertising itself as a one stop solution for petrochemical companies to achieve operational excellence. Turner provides various services for petrochemical plants, including construction, maintenance, shutdowns, turnarounds, and outages, among other things.

10.

Dow's facility in Plaquemine ("Dow Plaquemine") covers over a thousand acres and includes 23 manufacturing plants, primarily producing ethylene, polyethylene, propylene, propylene oxide, ethylene oxide, and ethylene glycol. Dow Plaquemine includes two olefin units with annual ethylene production capacities of 1.245 billion pounds and 2.35 billion pounds. The

2

Dow Chemical Plant in Dow Plaquemine includes two units producing ethylene oxide (sometimes referred to as "EO") using the ethylene from other facilities on the site. These units consume an estimated 233,000 metric tons per year of ethylene from the site's olefin plants. Daily, that is a total of approximately 1.4 million pounds of ethylene.

11.

On July 14, 2023, at approximately 9:15 P.M., a chemical release and fire occurred at the Dow Chemical Plant, in the Glycol II Unit, prompting a shelter-in-place for people living and working within a half-mile radius of the Dow Chemical Plant (the "Shelter-in-Pace Zone").

12.

The fire erupted at the Glycol II Unit after multiple explosions, burning in a blaze that was visible for miles.



13.

Dow's internal investigation concluded that portable work lights used to illuminate the inside of a component of the Glycol II Unit were left behind during a May to June 2023 turnaround. The portable lights degraded over time and formed debris that damaged the Glycol II Unit equipment, which led to ethylene oxide igniting inside a line and the resulting explosion and fire.

3

14.

Upon information and belief, Turner performed the May 2023 turnaround services at the Dow Chemical Plant. Upon further information and belief, Turner negligently left the portable work lights inside a component of the Glycol II Unit during its performance of the May 2023 turnaround services. According to Dow's internal investigation, the degradation of the portable work lights directly led to the fire and resulting emissions.

15.

According to a Dow estimate, 17 chemicals, including 31,525 pounds of ethylene oxide were emitted during the Dow Chemical Plant fire. That amounts to approximately two-thirds of all reported ethylene oxide air emissions in Louisiana in 2021, according to federal reporting data.

16.

According to Dow's own reports, 59,609 pounds of ethyl chloride were also released in the fire, more than twice the statewide emissions of the chemical from all industrial facilities in 2021.

17.

Ethylene oxide is a highly flammable, colorless gas, used in the production of solvents, antifreeze, textiles, detergents, adhesives, polyurethane foam, and pharmaceuticals. Ethelyne oxide is classified as a hazardous air pollutant by the federal Occupational Safety and Health Administration ("OSHA").

18.

Ethylene oxide is a known carcinogen. Any level of exposure to ethylene oxide may cause eye pain and sore throat, headaches, dizziness, nausea, convulsions, blisters and can result in vomiting and coughing. Exposure may also cause leukemia and other cancers and it is linked to spontaneous abortion, genetic damage, nerve damage, peripheral paralysis, muscle weakness, as well as impaired thinking and memory.

19.

Ethyl chloride is another highly flammable, colorless gas, also known as chloroethane. OSHA classifies ethyl chloride as a hazardous air pollutant. It is used in the production of solvents, refrigerants, topical anesthetic and in the manufacture of dyes, chemicals, and pharmaceuticals.

4

20.

Exposure to ethyl chloride may cause feelings of drunkenness, dizziness, lack of muscle coordination and unconsciousness. Long term exposure may also cause neurological symptoms including ataxia, tremors, speech difficulties, slowed reflexes, involuntary eye movement, and hallucinations, and liver effects.

21.

According to Dow, several other chemicals were released during the incident, including sizable releases of ethylene (3,892 pounds) and methane (3,330 pounds), and lesser amounts of butane, isobutane, propane, cyclopropane, propylene, acetaldehyde and a collection of undetermined volatile organic compounds. Dow also reported that known carcinogens vinyl chloride and methyl chloride were released.

22.

The half-mile Shelter-in-Place Zone emanating from the Dow Chemical Plant lasted until 3:42 A.M. on July 15, 2023. The alert establishing the Shelter-in-Place Zone advised residents not only to stay inside but also to turn off fans and air conditioning to help keep out potentially harmful chemicals that may have been released. At the time, Plaquemine, like the rest of Louisiana, was experiencing an unprecedented heat wave, with temperatures in the high-80s Fahrenheit overnight. Upon information and belief, given the more recent reporting on Dow's emissions from this incident, residents outside the half-mile Shelter-in-Place Zone were likely at risk, including Petitioners.

23.

Residents near the Dow Chemical Plant, like Petitioners, reported smelling something "sweet" in the air following the fire. Ethylene oxide is known to have a sweet, ether-like smell.

24.

The Shelter-in-Place alert and the blazing fire caused panic throughout the surrounding communities, requiring residents to stay in place in extreme heat while in fear of their lives due to the toxic emissions outside. Petitioner Thibodeaux suffered acute respiratory distress from the release and continues to stay indoors out of fear of toxic emission levels, thereby directly inhibiting

5

her enjoyment and use of her property. Dow's actions also constitute a nuisance to and trespass of Petitioner Thibodeaux's property.

25.

Dow's initial reports regarding the fire downplayed the seriousness of the incident. The company maintains that air monitoring reports showed only "non-detect" data for ethylene oxide following the fire. It was not until a more recent report that it revealed the extent of the incident's emissions—which for known carcinogen ethylene oxide exceeded the facility's emissions of the chemical over a prior *nine-year* period.

26.

An environmental study published by John Hopkins University in June 2024 detected ethylene oxide levels at concentrations of forty (40) parts per billion in communities surrounding the Dow Chemical Plant—levels one thousand times higher than the accepted risk for lifetime exposure to this chemical. These elevated levels were found as far as six miles downwind from the Dow Chemical Plant.

27.

Dow is no stranger to emergency incidents in Plaquemine. Louisiana Department of Environmental Quality ("LDEQ") records indicate that over the last four years the facility has had 10 emergency incidents resulting in unauthorized releases of pollutants, half of which occurred at the Glycol II Unit that is the subject of the July 14, 2023 fire. All five of the incidents involving the Glycol II Unit resulted in the release of ethylene oxide.

28.

For example, on January 27, 2019 the Glycol II Unit released 251 pounds of ethylene oxide when an operator mistakenly switched off an auxiliary pump, causing the system to lose pressure and vent.

29.

On November 3, 2019, a drum explosion in the Glycol II Unit and resulting fire resulted in a release of 28.8 pounds of ethylene oxide. These emergency incidents are representative of Dow's

6

ongoing conduct and unwillingness to implement appropriate remedial measures to protect the communities surrounding its Plaquemine plant.

30.

On June 10, 2020 the Glycol II Unit experienced a power interruption which resulted in a release of 26.54 pounds of ethylene oxide.

31.

On November 6, 2022, the facility released over 10,000 pounds of ethylene, 765 pounds of ethylene oxide and 11,774 pounds of methane into the atmosphere when the Glycol II Unit lost power. The LDEQ's investigation determine the release was "preventable" because the tripped breaker was caused by design error.

32.

These are just illustrative incidents involving the Glycol II Unit. Nonetheless, these emergency incidents are representative of Dow's ongoing conduct and unwillingness to implement appropriate remedial measures to protect the communities surrounding its Plaquemine facility.

33.

Turner is one of the largest industrial contractors in Louisiana and has specialized expertise and experience in petrochemical plant shutdowns, outages, and turnarounds, among other things.

34.

Upon information and belief, Turner was performing a turnaround at the Dow Chemical Plant in May 2023 that proceeded through, or near to, the date of the explosion. Turner's turnaround operations at the Dow Chemical Plant included tasks ranging from preventative maintenance to renovations and upgrades.

35.

Turner has vast expertise in turnarounds and owes a duty to perform turnaround operations safely—a duty that extends equally to the petrochemical plants that Turner services and also the communities surrounding these plants.

7

36.

Turner (as the turnaround contractor) owed a duty to Dow to perform its work applying its specialized expertise to take all precautions necessary to avoid inadvertent releases of harmful chemical substances. Turner similarly owed a duty to the general public to ensure that communities surrounding the Dow Chemical Plant were not exposed to harmful chemical substances as a result of their operations.

37.

Dow has also experienced several releases and emergency incidents at its other facilities. The company operates under a federal consent decree in Louisiana and Texas that it signed in January 2021 due to prior violations of the Clean Air Act.

38.

In January 2024, OSHA issued several citations for violations—three of which were categorized as serious—relating to the July 14, 2023 incident, totaling over $30,000 to date. According to OSHA, the case status remains open, and thus violations may still be added.

39.

The OSHA citations included, *inter alia*, a violation of 29 CFR 1910.119(f)(1)(ii) which states that "the employer did not develop and implement written operating procedures providing clear instruction for safely conducting activities in each covered process consistent with the process safety information addressing operating limits." OSHA noted that at the time of the incident, the procedure in the Glycol II Unit "did not include a direct reference to a safety instrumented system in the Glycol II unit that automatically activated and functioned as designed to facilitate the emergency shutdown of equipment during the incident."

40.

OSHA also noted a violation of 29 CFR 1910.119(i)(2)(ii) which states "the pre-startup safety review did not confirm that prior to the introduction of highly hazardous chemicals to a process the safety, operating, maintenance, and emergency procedures were in place and were adequate." The citation was noted to be a serious violation and cited that the employer failed to inspect / identify material left in the unit prior to startup.

8

41.

OSHA also cited the facility for a serious violation of a related provision, 29 CFR 1910.119(f)(4), specifically relating to contractors. That provision states "the employer did not develop and implement safe work practices to provide for the control of hazards during operations such as lockout/tagout; confined space entry; opening process equipment or piping; and *control over entrance into a facility by maintenance, contractor, laboratory, or other support personnel.*" (emphasis added). In other words, Dow failed to implement safety procedures for its contractors.

42.

The fourth and final OSHA citation, again noted to be a serious violation, also references contractor presence—noting that the "Process Hazard Analysis (PHA) failed to address hazards, including human factors, associated with leaving equipment within vessels *after turnaround.*" (citing 29 CFR 1910.119(e)(3)(i); emphasis added). The OSHA citations thus confirm the presence of a turnaround contractor—which, upon information and belief, was Turner.

43.

Both Dow and Turner had the duty to ensure that no materials were left over in the Glycol II Unit prior to startup. As determined by OSHA, neither of them did—nor did they implement the safety procedures that would have required them to do so.

44.

In April 2024, the United States Chemical Safety and Hazard Investiagation Board (the "CSB") announced it was launching an investigation into the July 14, 2023 explosion and related releases. The CSB released an update on its investigation on June 18, 2024. The report confirmed that a turnaround took place in which the reflex drum—part of the Glycol II Unit—was "internally cleaned and inspected." The CSB's investigation remains ongoing.

45.

At all pertinent times herein, Petitioner Thibodeaux resided at 3469 River Boat Lane, Addis, Louisiana—just minutes away from the Dow Chemical Plant. At all pertinent times herein, Petitioner Doucet resided at the River Boat Lane address with Petitioner Thibodeaux.

46.

The day of (and the day after) the Dow Chemical Plant explosion, fire, and release of ethyl chloride, ethylene oxide, and other harmful substances from the Dow Chemical Plant, the Petitioners, *inter alia*, came inside, closed windows, and stayed indoors to avoid exposure to toxic substances.

47.

Petitioner Thibodeaux continues to stay indoors out of fear of exposure to toxic emission levels, thereby directly inhibiting her enjoyment and use of her property.

48.

Following the July 14, 2023 release of ethylene oxide and other toxic chemicals, Petitioner Thibodeaux began experiencing shortness of breath and other respiratory related injuries, among other things.

49.

Petitioner Doucet similarly experienced severe throat irritation and respiratory related injuries following the July 14, 2023 explosion and release of ethylene oxide and other toxic chemicals.

50.

The Petitioners' physical manifestations of injury are a direct result of their exposure to ethylene oxide (a known cancer-causing chemical) and other toxic chemicals released on July 14, 2023.

51.

Defendants are liable for all damages occasioned by their acts as alleged herein including but not limited to damages for the Petitioners' physical discomfort, fear of cancer, increased risk of cancer, deprivation of enjoyment of property, loss of use, business losses, and lost income.

## CLASS DEFINITION

52.

Petitioners bring this action on behalf of themselves and all similarly situated individuals as representatives of a Class defined as follows:

> All persons who owned property, and/or operated a business, and/or worked or resided within five (5) miles of Dow Plaquemine, including but not limited to the Shelter-in-Place Zone and who have been harmed by Dow's conduct as alleged herein at any time from July 14, 2023, through the present.

Excluded from the Class are the Judge to whom this case is assigned, his or her staff and immediate family, Dow employees, Turner employees, and any persons with currently pending actions that would otherwise fit within the class definition. Petitioner reserves the right to revise the definition of the Class based on information learned through discovery.

## CLASS ACTION REQUISITES

53.

Petitioners, each individually and on behalf of all those similarly situated, are entitled to maintain this action as a class action pursuant to Louisiana Code of Civil Procedure article 591 for the following reasons:

a. The Class consists of a total number of class members within a five-mile radius of Dow Plaquemine who are so numerous that joinder of all members is impracticable. Upon information and belief, census data demonstrates that at least six thousand (6,000) persons reside within this area. Additionally, there are numerous businesses (and employees thereof) within the area that were similarly harmed.

b. There are questions of law and fact common to all members of the Class that predominate over individual issues, including but not limited to:

1. whether Defendants' conduct alleged herein violates the laws as stated in the Cause of Action section, *infra*;

2. the steps Defendants could have taken in the past or could take in the future to reduce incidents that result in fires and hazardous emissions including but not

11

limited to whether Defendants maintained sufficient safety measures to prevent such explosions and emissions based on incident history;

3. the extent of Defendants' knowledge of the hazardous nature of the hazardous emissions;

4. whether Dow released ethylene oxide or other hazardous substances at levels exceeding federal and/or state regulations, and if so, for how long;

5. whether Defendants owed a duty to the Class;

6. whether Defendants breached any duties owed to the Class;

7. whether Defendants are liable to putative Class Members for the release and subsequent burning of hazardous substances at the Dow Chemical Plant;

8. whether Defendants are liable pursuant to Louisiana Civil Code articles 667-669, for conducting activities and/or making works at the Dow Chemical Plant that are injurious to neighboring property and businesses;

9. whether Defendants are absolutely liable pursuant to Louisiana Civil Code article 2315 for conducting an ultrahazardous activity injurious to putative Class Members;

10. whether Defendants are liable pursuant Louisiana Civil Code article 2317 for the injuries and damage to putative Class Members;

11. whether Defendants are liable for nuisance;

12. whether Defendants are liable for trespass;

13. whether Defendants are liable for loss of use;

14. the appropriate nature of class-wide relief;

15. the appropriate measure of damages to putative Class Members;

16. whether Defendants are liable for attorneys' fees and costs pursuant to any applicable law.

c. The claims of the Petitioners (who reside within a five-mile radius of Dow Plaquemine) are representative of those who own property, reside, operate businesses, and/or work

12

throughout a five-mile radius of Dow Plaquemine, and thus typical of the claims of the Class.

d.  Petitioners, as representative parties, will fairly and adequately protect the interests of the proposed Class, as they have an interest in remedying the injuries they sustained as a result of the explosions and fire and related emissions. Petitioners have retained counsel experienced in the prosecution of class action litigation and counsel will adequately represent the interests of the Class. Petitioners and their counsel are aware of no conflicts of interest between Petitioners and absent Class Members. Petitioners have, or can acquire, adequate financial resources to assure that the interest of the Class will not be harmed. Petitioners are knowledgeable concerning the subject matter of this action and will assist counsel in the prosecution of this litigation.

e.  The criteria for defining the proposed Class are objectively ascertainable through objective documentation of property records showing ownership, lease agreements documenting residence in the evacuation zone, business ownership and/or employment records documenting business operations in the evacuation zone, and various other legal filings, public records, and school records.

f.  The prosecution of separate actions by individual putative Class Members within a five-mile radius of Dow Plaquemine, rather than a Class as proposed, would create a risk of inconsistent or varying adjudications and the potential for imposition of inconsistent duties and standards of care as to Defendants and for prejudicial determinations as to the rights of subsequent plaintiffs, as Defendants' conduct has harmed all Class Members.

g.  As noted above, the common issues of fact and law predominate over those issues that may pertain to individual plaintiffs' claims and the class action procedure is superior to other methods for the fair and efficient adjudication of the claims herein, because:

    1.  The vast majority of the class members have no interest in, and it would be impractical for them to pursue, controlling the prosecution of individual actions for

13

the remedies sought in this Petition, due to the expense in investigating and prosecuting the issues common to the whole class;

2. It is desirable to concentrate all litigation regarding the effects of the release of ethyl chloride and ethylene oxide within a single forum;

3. Class litigation is an efficient mechanism for managing the claims of the Class Members, due to the opportunity to afford reasonable notice of significant phases of the litigation to Class Members and to permit distribution of the recovery; and

4. The vindication of public policy interests in remedying exposure to toxic substances that present a high risk of cancer to the public are implicated and therefore justify the invocation of the process of class litigation, including any attendant costs or burdens.

**COUNT 1: NUISANCE UNDER LOUISIANA CIVIL CODE ARTICLES 667-669**

54.

Petitioners incorporate all allegations in the preceding paragraphs as if fully set forth herein.

55.

Petitioners, and those similarly situated, own property, operate businesses, work, and/or reside within a five-mile radius of Dow Plaquemine.

56.

The conduct of Defendants in their operations at the Dow Chemical Plant constitute an unreasonable interference with putative Class Members' lawful use of and presence on property within the five-mile radius of Dow Plaquemine.

57.

Petitioners, and those similarly situated, suffered injury to their person, property, residences and/or businesses and were deprived of the enjoyment of property due to the fire and emissions affecting the five-mile radius of Dow Plaquemine.

14

58.

The hazardous emissions from the Dow Chemical Plant are sufficient to cause physical discomfort and annoyance to the putative Class Members. Petitioners, and those similarly situated, have confined themselves indoors to escape potentially harmful air levels resulting from the prolonged fire and hazardous emissions, further inhibiting their enjoyment of property, which constitutes a nuisance.

59.

This nuisance is caused solely by the fire and emissions at the Dow Chemical Plant that is owned and/or operated and/or maintained by Defendants.

60.

Defendants knew or, in the exercise of reasonable care, should have known that the Glycol II unit explosion, fire, and Shelter-in-Place Zone presented a disruption of nearby Class Members' peaceful enjoyment of their property, residences, and businesses.

61.

Defendants could have prevented the damage and deprivation of enjoyment had it exercised reasonable care by instituting and implementing technology and processes that prevented the inadvertent explosion, fire, and release of ethylene oxide and other hazardous substances. Defendants failed to exercise reasonable care.

62.

Defendants are thus liable for all damages occasioned by its ongoing nuisance including but not limited to damages caused for putative Class Members' physical discomfort, fear of cancer, increased risk of cancer, deprivation of enjoyment of property, loss of use, business losses, and lost income.

**COUNT 2: TRESPASS**

63.

Petitioners incorporate all allegations in the preceding paragraphs as if fully set forth herein.

15

64.

Upon information and belief, Defendants' operation and maintenance of the Dow Chemical Plant caused hazardous emissions to encroach upon putative Class Members' property, residences, and businesses in concentrations exceeding safe thresholds. These emissions have resulted in a physical invasion onto and into putative Class Members' property, residences, and businesses.

65.

The entry and presence of hazardous emissions on putative Class Members' property is unauthorized. Defendants are prohibited under Louisiana law from causing such materials to encroach upon the property of its neighbors.

66.

As a result of the unlawful encroachment of Defendants' hazardous emissions onto Petitioner's property, Petitioner has suffered damage to her property. Similarly situated individuals have also suffered damage to their property, residences, and businesses as a result of Defendants' trespass.

67.

Defendants are liable for all damages occasioned by its trespass to putative Class Members' property.

### COUNT 3: NEGLIGENCE

68.

Petitioners incorporate all allegations in the preceding paragraphs as if fully set forth herein.

69.

Petitioners, and those similarly situated, have suffered and are suffering damages to their person, property, residences, and businesses as detailed above.

70.

Pursuant to La. Civ. Code art. 2315, Defendants have a duty not to cause harm to the putative Class Members and their property. La. Civ. Code art. 2315 ("Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it.").

16

71.

By engaging in operations that resulted in an explosion, fire, and substantial release of ethylene oxide (a known carcinogen), among other toxic chemical substances, the Defendants had and continue to have a statutory and jurisprudential duty to protect putative Class Members, and their property, from the effects of ethylene oxide as described herein. *See Jack v. Evonik Corp.*, 79 F.4th 547, 556 (5th Cir. 2023) ("By engaging in the emissions of EtO, the Facility has a duty to surrounding residents to protect them from an unreasonable risk of harm.").

72.

The risk of harm suffered by the Petitioners was encompassed within the scope of the duties owed to them by the Defendants.

73.

Defendants breached their duties to the Petitioners and similarly situated putative Class Members. Defendants knew or, in the exercise of reasonable care, should have known of the hazardous nature of handling ethylene oxide and other chemicals but failed to act reasonably to avoid an inadvertent release of thousands of pounds of this known carcinogen.

74.

Defendants are liable for all damages caused to putative Class Members resulting from its negligence including but not limited to damages for physical discomfort, fear of cancer, increased risk of cancer, property damages, deprivation of enjoyment of property, loss of use, business losses and lost income.

**COUNT 4: STRICT LIABILITY**

75.

Petitioners incorporate all allegations in the preceding paragraphs as if fully set forth herein.

76.

Louisiana Civil Code articles 2317-2317.1 provide that a custodian is strictly liable for damages occasioned by the things he owns. At all material times, Defendants owned and/or operated and/or maintained the Dow Chemical Plant and more specifically operated and/or

17

maintained the Glycol II Unit which produced ethylene oxide. Defendants' operations resulted in a fire, emissions of ethylene oxide and other hazardous substances, which was the cause-in-fact of putative Class Members' damages.

77.

The defects in Defendants' operations caused an unreasonable risk of harm to putative Class Members. The burden of preventing hazardous chemical releases is slight as compared to the potential gravity of harm to putative Class Members.

78.

Defendants knew or, in the exercise of reasonable care, should have known of the unreasonable risk attendant to hazardous chemical releases and fires at the Dow Chemical Plant.

79.

The damage suffered by the Petitioners, and those similarly situated, could have been prevented by Defendants' exercise of reasonable care.

80.

Putative Class Members suffered damages to their property and businesses as detailed above, as a result of defective operations at the Refinery, and Defendants are strictly liable for those damages.

## COUNT 5: ABSOLUTE LIABILITY

81.

Petitioners incorporate all allegations in the preceding paragraphs as if fully set forth herein.

82.

Petitioners state a cause of action for absolute liability pursuant to Louisiana Civil Code article 2315 for conducting an ultrahazardous activity against Defendants based upon the allegations stated herein.

83.

Defendants were directly engaged in manufacturing, storing, processing, and transferring toxic chemicals, including ethylene oxide, as part of their business at Dow Plaquemine. Under

18

Louisiana law, industrial, and societal customary understanding, ethylene oxide constitutes poisonous gas and/or particulate matter and is a known human carcinogen. The storage of poisonous gas and/or particulate matter is an activity which can cause damages to others even when conducted with great care and prudence.

84.

Defendants released toxic gases and/or particulate matter from the manufacture and storage of ethylene oxide into the atmosphere. The toxic gases and/or particulate matter released caused injury to putative Class Members. Defendants are liable for all damages occasioned thereby including but not limited to damages for physical discomfort, fear of cancer, increased risk of cancer, property damages, deprivation of enjoyment of property, loss of use, business losses and lost income.

## PRAYER

**WHEREFORE,** Petitioners and all those similarly situated pray that, after due proceedings be had, this action be ordered to go forward as a class action as petitioned for herein, there be judgment rendered in their favor and against Defendants finding that Defendants are liable and indebted to Petitioners and all those similarly situated for:

a. Certification of the class as alleged herein;

b. All damages as are just and reasonable under the circumstances;

c. Judicial interest from the date of the judicial demand;

d. The award of costs, expenses, and reasonable attorneys' fees in favor of Petitioners and all those similarly situated to the fullest extent authorized by law; and

e. Such other and further relief which the Court deems necessary and proper at law and in equity and that may be just and reasonable under the circumstances of this matter.

f. Petitioners request a jury trial of all claims in this matter.

19

Respectfully submitted,

FISHMAN HAYGOOD, LLP

KERRY J. MILLER (#24562)
BRENT B. BARRIERE (#2818)
PAUL C. THIBODEAUX (#29446)
DANIEL J. DYSART (#33812)
KAJA S. ELMER (#35568)
BRENNAN F. O'KEEFE (#40474)
201 St. Charles Avenue, Suite 4600
New Orleans, LA 70170
Telephone: (504) 586-5252
Facsimile: (504) 586-5250
kmiller@fishmanhaygood.com
bbarriere@fishmanhaygood.com
pthibodeaux@fishmanhaygood.com
ddysart@fishmanhaygood.com
kelmer@fishmanhaygood.com
bokeefe@fishmanhaygood.com
*Counsel for Petitioners*

**SHERIFF PLEASE SERVE:**

The Dow Chemical Company
*through its registered agent*
CT Corporation System
3867 Plaza Tower Dr.
Baton Rouge, Louisiana 70816

Turner Industries Group, L.L.C.
*through its registered agent*
John H. Fenner, III
8687 United Plaza Blvd.
Baton Rouge, Louisiana 70809

Iberville
AMY MATIRNE PATIN
SHAQUONIA GREVIOUS
Suit# C-83464
E-Filed on: 7/12/24 10:11 AM
Filed on: 7/12/24 11:34 AM
# of Pages:20

A TRUE COPY
DATE
Deputy Clerk, Ex-Officio; Recorder, Iberville Parish, Louisiana

20

# CITATION

JUANITA   THIBODEAUX, ET AL

Versus

THE DOW CHEMICAL COMPANY, ET AL

Case: 083464
Division: B
18th Judicial District Court
Parish of Iberville
State of Louisiana

The State of Louisiana and said Court to:
THE DOW CHEMICAL COMPANY
THROUGH ITS REGISTERED AGENT
CT CORPORATION SYSTEM
3867 PLAZA TOWER DR.
BATON ROUGE, LA 70816

*You are named as a defendant in the above captioned matter.   Attached to this citation is a:*

☒ Certified Copy of Original Petition          ☐ Certified Copy of Amended Petition          ☐ Discovery Request

You must either comply with the demand contained in the petition or make an appearance either by filing an answer or other pleading in the office of the Clerk of the Eighteenth Judicial District Court in the Iberville Parish Court House in the City of Plaquemine in said Parish within the delay provided in Article 1001 of the Louisiana Code of Civil Procedure under penalty of default.

**Article 1001 of the Louisiana Code of Civil Procedure states:**

A.  A defendant shall file his answer within **twenty-one (21) days** after service of Citation upon him, except as otherwise provided by law.

If the plaintiff files and serves a Discovery Request with his Petition, the defendant shall file his answer to the petition within **thirty (30)** days after service of the amended petition.

B.   When an Exception is filed prior to Answer and is overruled or referred to the merits, or is sustained and an Amendment of the Petition ordered, the Answer shall be filed within **fifteen (15) days** after the exception is overruled or referred to the merits, or **fifteen (15) days** after service of the Amended Petition.

C.  The Court may grant additional time for answering.

**Article 1151 of the Louisiana Code of Civil Procedure provides in pertinent part:**

A defendant shall plead in response to an Amended Petition within the time remaining for pleading to the Original. Pleading or with **ten (10) days** after service of the Amended Petition, whichever period is longer, unless the time is extended under Article 1001.

*WITNESS THE HONORABLE TONYA S. LURRY, JUDGE OF SAID COURT, this 16TH day of JULY, 2024.*

BY:_____
*Deputy Clerk of Court*

**THE CLERK OF COURT'S STAFF CANNOT PROVIDE LEGAL ADVICE.**

## Service Information

*Received on the _____ day of _____, 20 _____ and on the _____ day of _____, 20_____ served the above named party as follows:*

**Personal Service** *on the party herein named _____.*
**Domiciliary Service** *on the party herein named by leaving the same at his/her domicile in the parish in the hands of _____, a person apparently over the age of seventeen years, living and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said person, said party herein being absent from his/her residence at the time of said service. Returned:*
*Parish of _____ this _____ day of _____, 20_____.*

*Service         $_____*

*Mileage        $_____*                    By: _____
                                                            *Deputy Sheriff*
*Total            $_____*

FOOTER AREA

# NOTICE OF SERVICE

JUANITA THIBODEAUX, ET AL

Versus

THE DOW CHEMICAL COMPANY, ET AL



Case: 083464
Division: B
18th Judicial District Court
Parish of Iberville
State of Louisiana

To: BRENNAN F O'KEEFE
FISHMAN HAYGOOD, LLP
201 ST. CHARLES AVE, STE 4600
NEW ORLEANS, LA 70170

Date of Service: 22 July 2024

Personal/Domiciliary: Personal ON ASHLEY MINVIELLE FOR CT CORPORATION SYSTEM, REGISTERED AGENT FOR THE DOW CHEMICAL COMPANY

Issued by the Clerk of Court on the 26TH day of JULY, 2024.

**Pleading Served**
CITATION

_____
Deputy Clerk

FOOTERAREA

## CITATION

JUANITA THIBODEAUX, ET AL

Versus

THE DOW CHEMICAL COMPANY, ET AL



**RETURN**

Case: 083464
Division: B
18th Judicial District Court
Parish of Iberville
State of Louisiana

The State of Louisiana and said Court to:

THE DOW CHEMICAL COMPANY
THROUGH ITS REGISTERED AGENT
CT CORPORATION SYSTEM
3867 PLAZA TOWER DR.
BATON ROUGE, LA 70816

You are named as a defendant in the above captioned matter. Attached to this citation is a:

☒ Certified Copy of Original Petition    ☐ Certified Copy of Amended Petition    ☐ Discovery Request

You must either comply with the demand contained in the petition or make an appearance either by filing an answer or other pleading in the office of the Clerk of the Eighteenth Judicial District Court in the Iberville Parish Court House in the City of Plaquemine in said Parish within the delay provided in Article 1001 of the Louisiana Code of Civil Procedure under penalty of default.

**Article 1001 of the Louisiana Code of Civil Procedure states:**

A. A defendant shall file his answer within **twenty-one (21) days** after service of Citation upon him, except as otherwise provided by law.

If the plaintiff files and serves a Discovery Request with his Petition, the defendant shall file his answer to the petition within **thirty (30)** days after service of the amended petition.

B. When an Exception is filed prior to Answer and is overruled or referred to the merits, or is sustained and an Amendment of the Petition ordered, the Answer shall be filed within **fifteen (15) days** after the exception is overruled or referred to the merits, or **fifteen (15) days** after service of the Amended Petition.

C. The Court may grant additional time for answering.

**Article 1151 of the Louisiana Code of Civil Procedure provides in pertinent part:**

A defendant shall plead in response to an Amended Petition within the time remaining for pleading to the Original Pleading or with **ten (10) days** after service of the Amended Petition, whichever period is longer, unless the time is extended under Article 1001.

WITNESS THE HONORABLE TONYA S. LURRY, JUDGE OF SAID COURT, this 16TH day of JULY, 2024.

BY: _____
Deputy Clerk of Court

### THE CLERK OF COURT'S STAFF CANNOT PROVIDE LEGAL ADVICE.

#### Service Information

Received on the _____ day of _____, 20_____ and on the _____ day of _____ named party through this _____, 20____ served the above named party as follows: I made service on the named party

CT Corporation

**Personal Service** on the party herein named _____

**Domiciliary Service** on the party herein named by leaving the same at his/her domicile in the parish in the hands of JUL 22 2024

_____, a person apparently over the age of seventeen years living and/or residing in said domicile and whose name and other facts connected with this service tendering a copy and interrogating the said person, said party herein being absent from his/her residence at the time of said service. Returned.

Parish of _____ ____ this _____ day of _____ DY. B. GARAPOLA #0577

Deputy Sheriff, Parish of East Baton Rouge, Louisiana

Service    $_____

Mileage    $_____    By: _____ Deputy Sheriff

Total    $_____

**RECEIVED DATE**

JUL 20 2024

E.B.R. Sheriff's Office

[ RETURN COPY ]

# NOTICE OF SERVICE

JUANITA  THIBODEAUX, ET AL

Versus

THE DOW CHEMICAL COMPANY, ET AL



Case: 083464
Division: B
18th  Judicial District Court
Parish of Iberville
State of Louisiana

To:   BRENNAN F O'KEEFE
      FISHMAN HAYGOOD, LLP
      201 ST. CHARLES AVE, STE 4600
      NEW ORLEANS, LA  70170

Date of Service: 24 July 2024

Personal/Domiciliary: Personal ON M. MARX, LEGAL, FOR JOHN H. FENNER, III, REGISTERED AGENT FOR TURNER INDUSTRIES GROUP, LLC

Issued by the Clerk of Court on the 5TH day of AUGUST, 20<sup>24</sup>.

**Pleading Served**
CITATION

_____
Deputy Clerk

FOOTERAREA

# CITATION

234



JUANITA THIBODEAUX, ET AL

Versus

THE DOW CHEMICAL COMPANY, ET AL

**RETURN**

Case: 083464
Division: B
18th Judicial District Court
Parish of Iberville
State of Louisiana

The State of Louisiana and said Court to:
TURNER INDUSTRIES GROUP, LLC
THROUGH ITS REGISTERED AGENT:
JOHN H. FENNER, III
8687 UNITED PLAZA BLVD.
BATON ROUGE, LA 70809

You are named as a defendant in the above captioned matter. Attached to this citation is a:

☒ Certified Copy of Original Petition ☐ Certified Copy of Amended Petition ☐ Discovery Request

You must either comply with the demand contained in the petition or make an appearance either by filing an answer or other pleading in the office of the Clerk of the Eighteenth Judicial District Court in the Iberville Parish Court House in the City of Plaquemine in said Parish within the delay provided in Article 1001 of the Louisiana Code of Civil Procedure under penalty of default.

**Article 1001 of the Louisiana Code of Civil Procedure states:**

A. A defendant shall file his answer within **twenty-one (21) days** after service of Citation upon him, except as otherwise provided by law.

If the plaintiff files and serves a Discovery Request with his Petition, the defendant shall file his answer to the petition within **thirty (30)** days after service of the amended petition.

B. When an Exception is filed prior to Answer and is overruled or referred to the merits, or is sustained and an Amendment of the Petition ordered, the Answer shall be filed within **fifteen (15) days** after the exception is overruled or referred to the merits, or **fifteen (15) days** after service of the Amended Petition.

C. The Court may grant additional time for answering.

**Article 1151 of the Louisiana Code of Civil Procedure provides in pertinent part:**

A defendant shall plead in response to an Amended Petition within the time remaining for pleading to the Original. Pleading or with **ten (10) days** after service of the Amended Petition, whichever period is longer, unless the time is extended under Article 1001.

WITNESS THE HONORABLE TONYA S. LURRY, JUDGE OF SAID COURT, this 16TH day of JULY, 2024.

BY: _____

_Deputy Clerk of Court_

**THE CLERK OF COURT'S STAFF CANNOT PROVIDE LEGAL ADVICE.**

---

### Service Information

Received on the _____ day of _____, 20_____ and on the _____ day of _____, 20_____ served the above named party as follows:

**Personal Service** on the party herein named _____
**Domiciliary Service** on the party herein named by leaving the same at his/her domicile in the parish in the hands of _____, a person apparently over the age of seventeen years, living and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said person, said party herein being absent from his/her residence at the time of said service. Returned:
Parish of _____ this _____ day of _____ 20___

FILED
2024 AUG -5 A II: 08
DY CLERK-EX OFFICIAL
IBERVILLE, LOUISIANA

Service $ _____
Mileage $ _____
Total $ _____

By: _____
_Deputy Sheriff_

I made service on the named party by tendering a copy of this document on this day

RECEIVED
JUL 2 4 2024
DATE
JUL 2 0 2024

_____
Dy. _____
Deputy Sheriff, Parish of East Baton Rouge, LA

[ RETURN COPY ]

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of this pleading has been served on the following:

Kerry J. Miller, Esq. – kmiller@fishmanhaygood.com
Brent B. Barriere, Esq. – bbarriere@fishmanhaygood.com
Paul C. Thibodeaux, Esq. – pthibodeaux@fishmanhaygood.com
Daniel J. Dysart,Esq. – ddysart@fishmanhaygood.com
Kaja S. Elmer, Esq. – kelmer@fishmanhaygood.com
Brennan F. O'Keefe, Esq. – bokeefe@fishmanhaygood.com
*Fishman Haygood, LLP*
201 St. Charles Avenue, Suite 4600
New Orleans, LA  70170

by e-mail, by telefacsimile, and/or by placing a copy of same in the United States mail, postage

prepaid and properly addressed, this 22nd day of August, 2024.


*/s/ Ted Le Clercq*
**FREDERIC THEODORE LE CLERCQ**

2

**Iberville Parish Clerk of Court     C-83464**
**Filed Aug 22, 2024 2:56 PM          B**
**Macey George**
**Deputy Clerk of Court**
**E-File Received Aug 22, 2024 2:25 PM**

Iberville Parish Clerk of Court    C-83464
Filed Aug 22, 2024 2:56 PM
Macey George
Deputy Clerk of Court
E-File Received Aug 22, 2024 2:25 PM

18TH JUDICIAL DISTRICT COURT FOR THE PARISH OF IBERVILLE

STATE OF LOUISIANA

No. 83464                                            DIVISION "B"

JUANITA THIBODEAUX AND NICHOLAS DOUCET, EACH INDIVIDUALLLY AND ON BEHALF OF A CLASS OF SIMILARLY SITUATED INDIVIDUALS

v.

THE DOW CHEMICAL COMPANY AND TURNER INDUSTRIES GROUP, LLC

FILED:     _____           _____

                                                     DEPUTY CLERK

## <u>ORDER</u>

Considering the foregoing Motion for Extension of Time;

**IT IS ORDERED** that the Motion of Defendant, Turner Industries Group, LLC, is hereby GRANTED and that Defendant be allowed until September 20, 2024, within which to file responsive pleadings.

Plaquemine, Louisiana this _____ day of August, 2024.

                                          _____

                                          **JUDGE**

18TH JUDICIAL DISTRICT COURT FOR THE PARISH OF IBERVILLE

STATE OF LOUISIANA

No. 83464                                                                DIVISION "B"

JUANITA THIBODEAUX AND NICHOLAS DOUCET, EACH INDIVIDUALLLY AND ON
BEHALF OF A CLASS OF SIMILARLY SITUATED INDIVIDUALS

v.

THE DOW CHEMICAL COMPANY AND TURNER INDUSTRIES GROUP, LLC

FILED:  _____          _____
                                                     DEPUTY CLERK

## MOTION FOR EXTENSION OF TIME

**NOW INTO COURT**, through undersigned counsel, comes Defendant, Turner Industries Group, LLC, who respectfully asks that this Honorable Court grant Defendant a thirty (30) day extension of time, or until September 20, 2024, within which to file responsive pleadings.

This is Defendant's first request for an extension and counsel for plaintiff has indicated that he does not object to the extension.

Respectfully submitted,


*/s/ Ted Le Clercq*
**FREDERIC THEODORE LE CLERCQ
(#23517)**
ted@deutschkerrigan.com
**ROBERT E. KERRIGAN, JR. (#07350)**
rek@deutschkerrigan.com
**RAYMOND C. LEWIS (#31236)**
rlewis@deutschkerrigan.com
**DEUTSCH KERRIGAN, L.L.P.**
755 Magazine Street
New Orleans, LA  70130
(504) 581-5141

*Counsel for Defendant,
Turner Industries Group, LLC*

**Iberville Parish Clerk of Court        C-83464
Filed Aug 22, 2024 2:56 PM              B
Macey George
Deputy Clerk of Court
E-File Received Aug 22, 2024 2:25 PM**

**Iberville Parish Clerk of Court    C-83464**
**Filed Aug 22, 2024 2:56 PM    B**
**Macey George**
**Deputy Clerk of Court**
**E-File Received Aug 22, 2024 2:25 PM**

18TH JUDICIAL DISTRICT COURT FOR THE PARISH OF IBERVILLE

STATE OF LOUISIANA

No. 83464                                               DIVISION "B"

JUANITA THIBODEAUX AND NICHOLAS DOUCET, EACH INDIVIDUALLLY AND ON
BEHALF OF A CLASS OF SIMILARLY SITUATED INDIVIDUALS

v.

THE DOW CHEMICAL COMPANY AND TURNER INDUSTRIES GROUP, LLC

FILED: _____          _____
                                                   DEPUTY CLERK

## ORDER

Considering the foregoing Motion for Extension of Time;

**IT IS ORDERED** that the Motion of Defendant, Turner Industries Group, LLC, is hereby

GRANTED and that Defendant be allowed until September 20, 2024, within which to file

responsive pleadings.

Plaquemine, Louisiana this 26th day of August, 2024.

JUDGE
Judge Tonya S. Lurry
18th Judicial District Court

**Iberville Parish Clerk of Court    C-83464**
**Filed Aug 30, 2024 1:41 PM    B**
**Taylor Bourgoyne**
**Deputy Clerk of Court**

## 18TH JUDICIAL DISTRICT COURT FOR THE PARISH OF IBERVILLE

### STATE OF LOUISIANA

NO. 083464                                                    DIVISION: B

### JUANITA THIBODEAUX AND NICHOLAS DOUCET, EACH INDIVIDUALLY AND ON BEHALF OF A CLASS OF SIMILARLY SITUATED INDIVIDUALS

### VERSUS

### THE DOW CHEMICAL COMPANY AND TURNER INDUSTRIES GROUP, L.L.C.

FILED: _____    _____

                                                    **DEPUTY CLERK**

### FIRST AMENDED PETITION FOR DAMAGES

**NOW INTO COURT**, by and through undersigned counsel, come Petitioners, Juanita Thibodeaux and Nicholas Doucet, each individually and on behalf of a class of all those similarly situated as defined below (the "Class"), who, pursuant to Louisiana Code of Civil Procedure article 1151, file this First Amended Petition for Damages.[1] In support thereof, Plaintiffs respectfully aver as follows:

### PARTIES

1.

Petitioner Juanita Thibodeaux (individually referred to as "Petitioner Thibodeaux") is a person of the full age of majority and domiciled in West Baton Rouge Parish, State of Louisiana.

2.

Petitioner Nicholas Doucet (individually referred to as "Petitioner Doucet") is a person of the full age of majority and domiciled in Evangeline Parish, State of Louisiana.

3.

Defendant, The Dow Chemical Company (hereinafter "Dow"), is a Delaware corporation licensed to do and doing business in the State of Louisiana.

---

[1] Each additional allegation in this First Amended Petition for Damages arises out of the conduct, transaction, or occurrence set forth in Plaintiffs' original Petition for Damages, and therefore this amendment relates back to the date of filing the original Petition for Damages. LA. CODE CIV. PROC. art. 1153.

3938892v.1

4.

Defendant, Turner Industries Group, L.L.C. (hereinafter "Turner"), is a Louisiana Limited Liability Company doing business in the State of Louisiana. Upon information and belief, Turner has one or more members domiciled in the State of Louisiana.

## JURISDICTION AND VENUE

5.

This Court has jurisdiction over Defendants because Defendants are licensed to do and doing business within the State of Louisiana.

6.

Venue is proper in Iberville Parish because the events giving rise to the claims herein occurred there.

## BACKGROUND FACTS

7.

At all pertinent times hereto, Dow owned and/or operated a petrochemical facility, including a chemical plant located at 21255 LA Highway 1-S, Plaquemine, Louisiana 70764 (the "Dow Chemical Plant"). Plaquemine, Louisiana is a town in Iberville Parish located just southwest across the Mississippi River from Baton Rouge.

8.

Dow is among the largest chemical producers in the world, with a presence in over 160 countries and employing tens of thousands of employees, and billions of dollars in annual revenue. Dow serves its products to various industries, including oil and gas, agriculture, construction, and mining, among others, and is the largest petrochemical company in the state.

9.

As the owner and/or operator of the Dow Chemical Plant, Dow must abide by permits issued to the facility by the Environmental Protection Agency ("EPA") and the Louisiana Department of Environmental Quality ("LDEQ") to operate the Dow Chemical Plant. These permits regulate emission levels for certain chemicals and require stringent adherence to safety measures to control chemical emissions.

2

3938892v.1

10.

Turner is an industrial contractor advertising itself as a one stop solution for petrochemical companies to achieve operational excellence. Turner provides various services for petrochemical plants, including construction, maintenance, shutdowns, turnarounds, and outages, among other things.

11.

Dow's facility in Plaquemine ("Dow Plaquemine") covers over a thousand acres and includes 23 manufacturing plants, primarily producing ethylene, polyethylene, propylene, propylene oxide, ethylene oxide, and ethylene glycol. Dow Plaquemine includes two olefin units with annual ethylene production capacities of 1.245 billion pounds and 2.35 billion pounds, respectively. The Dow Chemical Plant in Dow Plaquemine includes two units producing ethylene oxide (sometimes referred to as "EtO") using the ethylene from other facilities on the site. These units consume an estimated 233,000 metric tons per year of ethylene from the site's olefin plants. Daily, that is a total of approximately 1.4 million pounds of ethylene.

12.

On July 14, 2023, at approximately 9:15 P.M., a chemical release and fire occurred at the Dow Chemical Plant, in the Glycol II Unit, prompting a shelter-in-place for people living and working within a half-mile radius of the Dow Chemical Plant (the "Shelter-in-Place Zone").

13.

The fire erupted at the Glycol II Unit after multiple explosions, burning in a blaze that was visible for miles.

3

3938892v.1



14.

Dow's internal investigation concluded that portable work lights used to illuminate the inside of a component of the Glycol II Unit were left behind during a May to June 2023 turnaround. The portable lights degraded over time and formed debris that damaged the Glycol II Unit equipment, which led to ethylene oxide igniting inside a line and the resulting explosion and fire.

15.

Upon information and belief, Turner performed the May 2023 turnaround services at the Dow Chemical Plant. Upon further information and belief, Turner negligently left the portable work lights inside a component of the Glycol II Unit during its performance of the May 2023 turnaround services.

16.

According to a Dow estimate, 17 chemicals, including 31,525 pounds of ethylene oxide were emitted during the Dow Chemical Plant fire. That amounts to approximately two-thirds of all reported ethylene oxide air emissions in Louisiana in 2021, according to federal reporting data.

17.

According to Dow's own reports, 59,609 pounds of ethyl chloride were also released in the fire, more than twice the statewide emissions of the chemical from all industrial facilities in 2021.

4

3938892v.1

18.

Ethylene oxide is a highly flammable, colorless gas, used in the production of solvents, antifreeze, textiles, detergents, adhesives, polyurethane foam, and pharmaceuticals. Ethelyne oxide is classified as a hazardous air pollutant by the federal Occupational Safety and Health Administration ("OSHA"). Ethylene oxide is also defined as a toxic air pollutant pursuant to the Louisiana Environmental Quality Act, which was created to "protect[] the public welfare and property of the people of Louisiana," and which provides that "[t]here shall be no discharge of a toxic air pollutant into the atmosphere of Louisiana except that allowed by permit, license, variance, or compliance schedule or in accordance with the rules and regulations adopted pursuant to this Section." La. R.S. 30:2002; 30:2060.

19.

Ethylene oxide is a known carcinogen. Any level of exposure to ethylene oxide may cause eye pain and sore throat, headaches, dizziness, nausea, convulsions, blisters and can result in vomiting and coughing. Exposure may also cause leukemia and other cancers and it is linked to spontaneous abortion, genetic damage, nerve damage, peripheral paralysis, muscle weakness, as well as impaired thinking and memory.

20.

Ethyl chloride is another highly flammable, colorless gas, also known as chloroethane. OSHA classifies ethyl chloride as a hazardous air pollutant. It is used in the production of solvents, refrigerants, topical anesthetic and in the manufacture of dyes, chemicals, and pharmaceuticals.

21.

Exposure to ethyl chloride may cause feelings of drunkenness, dizziness, lack of muscle coordination and unconsciousness. Long term exposure may also cause neurological symptoms including ataxia, tremors, speech difficulties, slowed reflexes, involuntary eye movement, and hallucinations, and liver effects.

22.

According to Dow, several other chemicals were released during the incident, including sizable releases of ethylene (3,892 pounds) and methane (3,330 pounds), and lesser amounts of

5

3938892v.1

butane, isobutane, propane, cyclopropane, propylene, acetaldehyde and a collection of undetermined volatile organic compounds. Dow also reported that known carcinogens vinyl chloride and methyl chloride were released.

23.

The permits issued to the Dow Chemical Plant by the LDEQ pursuant to the Louisiana Administrative Code Title 33, Part III (the "Louisiana Administrative Code") control and limit the amounts of hazardous chemicals that may be discharged into the air and water. The permits and regulatory program address all aspects of emissions, including the installation, operation, and maintenance of emission-control measures and equipment; emission-monitoring and reporting requirements; control of fugitive emissions; and chemical accident prevention and minimization of consequences. Under these regulations, the LDEQ's stated purpose in regulating emissions through these permits is to protect the health, safety, and welfare of the public.

24.

As a result of the release of chemicals from the Dow Chemical Plant, government officials issued a shelter-in-place. The half-mile Shelter-in-Place Zone emanating from the Dow Chemical Plant lasted until 3:42 A.M. on July 15, 2023. The alert establishing the Shelter-in-Place Zone advised residents not only to stay inside but also to turn off fans and air conditioning to help keep out potentially harmful chemicals that may have been released. At the time, Plaquemine, like the rest of Louisiana, was experiencing an unprecedented heat wave, with temperatures in the high-80s Fahrenheit overnight. Upon information and belief, given the more recent reporting on the degree and magnitude of Dow's emissions from this incident, residents outside the half-mile Shelter-in-Place Zone were likely at risk, including Petitioners.

25.

Residents near the Dow Chemical Plant, like Petitioners, reported smelling something "sweet" in the air following the fire. Ethylene oxide is known to have a sweet, ether-like smell.

26.

The Shelter-in-Place alert and the blazing fire caused panic throughout the surrounding communities, requiring residents to stay in place in extreme heat while in fear of their lives due to

6

the toxic emissions outside. Petitioner Thibodeaux suffered acute respiratory distress from the release and continues to stay indoors out of fear of toxic emission levels, thereby directly inhibiting her enjoyment and use of her property. Dow's actions also constitute a nuisance to and trespass of Petitioner Thibodeaux's property.

27.

Dow's initial reports regarding the fire downplayed the seriousness of the incident. The company maintains that air monitoring reports showed only "non-detect" data for ethylene oxide following the fire. It was not until a more recent report that it revealed the extent of the incident's emissions—which for known carcinogen ethylene oxide exceeded the facility's emissions of the chemical over a prior *nine-year* period.

28.

An environmental study published by John Hopkins University in June 2024 detected ethylene oxide levels at concentrations of forty (40) parts per billion in communities surrounding the Dow Chemical Plant—levels one thousand times higher than the accepted risk for lifetime exposure to this chemical. These elevated levels were found as far as six miles downwind from the Dow Chemical Plant.

29.

In April 2024, the United States Chemical Safety and Hazard Investigation Board (the "CSB") announced it was launching an investigation into the July 14, 2023 explosion and related releases. The CSB released an update on its investigation on June 18, 2024. The report confirmed that a turnaround took place in which the reflex drum—part of the Glycol II Unit—was "internally cleaned and inspected." The CSB's investigation remains ongoing.

30.

Dow is no stranger to emergency incidents in Plaquemine. LDEQ records indicate that over the last four years the facility has had 10 emergency incidents resulting in unauthorized releases of pollutants, half of which occurred at the Glycol II Unit that is the subject of the July 14, 2023 fire. All five of the incidents involving the Glycol II Unit resulted in the release of ethylene oxide.

7

31.

For example, on January 27, 2019 the Glycol II Unit released 251 pounds of ethylene oxide when an operator mistakenly switched off an auxiliary pump, causing the system to lose pressure and vent.

32.

On November 3, 2019, a drum explosion in the Glycol II Unit and resulting fire resulted in a release of 28.8 pounds of ethylene oxide. These emergency incidents are representative of Dow's ongoing conduct and unwillingness to implement appropriate remedial measures to protect the communities surrounding its Plaquemine plant.

33.

On June 10, 2020 the Glycol II Unit experienced a power interruption which resulted in a release of 26.54 pounds of ethylene oxide.

34.

On November 6, 2022, the facility released over 10,000 pounds of ethylene, 765 pounds of ethylene oxide and 11,774 pounds of methane into the atmosphere when the Glycol II Unit lost power. The LDEQ's investigation determined the release was "preventable" because the tripped breaker was caused by design error.

35.

These are just illustrative incidents involving the Glycol II Unit. Nonetheless, these emergency incidents are representative of Dow's ongoing conduct and unwillingness to implement appropriate remedial measures to protect the communities surrounding its Plaquemine facility.

36.

Dow has also experienced several releases and emergency incidents at its other facilities. The company operates under a federal consent decree in Louisiana and Texas that it signed in January 2021 due to prior violations of the Clean Air Act.

8

37.

In January 2024, OSHA issued several citations for violations—three of which were categorized as serious—relating to the July 14, 2023 incident, totaling over $30,000 to date. According to OSHA, the case status remains open, and thus violations may still be added.

38.

The OSHA citations included, *inter alia*, a violation of 29 CFR 1910.119(f)(1)(ii) which states that "the employer did not develop and implement written operating procedures providing clear instruction for safely conducting activities in each covered process consistent with the process safety information addressing operating limits." OSHA noted that at the time of the incident, the procedure in the Glycol II Unit "did not include a direct reference to a safety instrumented system in the Glycol II unit that automatically activated and functioned as designed to facilitate the emergency shutdown of equipment during the incident."

39.

OSHA also noted a violation of 29 CFR 1910.119(i)(2)(ii) which states "the pre-startup safety review did not confirm that prior to the introduction of highly hazardous chemicals to a process the safety, operating, maintenance, and emergency procedures were in place and were adequate." The citation was noted to be a serious violation and cited that the employer failed to inspect / identify material left in the unit prior to startup.

40.

OSHA also cited the facility for a serious violation of a related provision, 29 CFR 1910.119(f)(4), specifically relating to contractors. That provision states "the employer did not develop and implement safe work practices to provide for the control of hazards during operations such as lockout/tagout; confined space entry; opening process equipment or piping; and *control over entrance into a facility by maintenance, contractor, laboratory, or other support personnel.*" (emphasis added). In other words, Dow failed to implement safety procedures for its contractors.

41.

The fourth and final OSHA citation, again noted to be a serious violation, also references contractor presence—noting that the "Process Hazard Analysis (PHA) failed to address hazards,

9

including human factors, associated with leaving equipment within vessels *after turnaround*." (citing 29 CFR 1910.119(e)(3)(i); emphasis added). The OSHA citations thus confirm the presence of a turnaround contractor—which, upon information and belief, was Turner.

42.

Turner is one of the largest industrial contractors in Louisiana and has specialized expertise and experience in petrochemical plant shutdowns, outages, and turnarounds, among other things.

43.

Upon information and belief, Turner was performing a turnaround at the Dow Chemical Plant in May 2023 that proceeded through, or near to, the date of the explosion. Turner's turnaround operations at the Dow Chemical Plant included tasks ranging from preventative maintenance to renovations and upgrades.

44.

Turner has vast expertise in turnarounds and owes a duty to perform turnaround operations safely—a duty that extends equally to the petrochemical plants that Turner services and also the communities surrounding these plants.

45.

Turner (as the turnaround contractor) owed a duty to Dow to perform its work applying its specialized expertise to take all precautions necessary to avoid inadvertent releases of harmful chemical substances. Turner similarly owed a duty to the general public to ensure that communities surrounding the Dow Chemical Plant were not exposed to harmful chemical substances as a result of their operations.

46.

Both Dow and Turner had the duty to ensure that no materials were left over in the Glycol II Unit prior to startup. As determined by OSHA, neither of them did—nor did they implement the safety procedures that would have required them to do so.

47.

Dow had a duty, as a permitted operator of a chemical facility neighboring Louisiana citizens, to ensure that it controlled chemical emissions from the Dow Chemical Plant.

10

48.

At all pertinent times herein, Petitioner Thibodeaux resided at 3469 River Boat Lane, Addis, Louisiana—just minutes away from the Dow Chemical Plant. At all pertinent times herein, Petitioner Doucet resided at the River Boat Lane address with Petitioner Thibodeaux.

49.

The day of (and the day after) the Dow Chemical Plant explosion, fire, and release of ethyl chloride, ethylene oxide, and other harmful substances from the Dow Chemical Plant, the Petitioners, *inter alia*, came inside, closed windows, and stayed indoors to avoid exposure to toxic substances.

50.

Petitioner Thibodeaux continues to stay indoors out of fear of exposure to toxic emission levels, thereby directly inhibiting her enjoyment and use of her property.

51.

Following the July 14, 2023 release of ethylene oxide and other toxic chemicals, Petitioner Thibodeaux began experiencing shortness of breath and other respiratory related injuries, among other things.

52.

Petitioner Doucet similarly experienced severe throat irritation and respiratory related injuries following the July 14, 2023 explosion and release of ethylene oxide and other toxic chemicals.

53.

The Petitioners' physical manifestations of injury are a direct result of their exposure to ethylene oxide (a known cancer-causing chemical) and other toxic chemicals released on July 14, 2023.

54.

Defendants are liable for all damages occasioned by their acts as alleged herein including but not limited to damages for the Petitioners' physical discomfort, fear of cancer, increased risk of cancer, deprivation of enjoyment of property, loss of use, business losses, and lost income.

11

## CLASS DEFINITION

55.

Petitioners bring this action on behalf of themselves and all similarly situated individuals as representatives of a Class defined as follows:

> All persons who owned property, and/or operated a business, and/or worked or resided within five (5) miles of Dow Plaquemine, including but not limited to the Shelter-in-Place Zone and who have been harmed by Dow's conduct as alleged herein at any time from July 14, 2023, through the present.

Excluded from the Class are the Judge to whom this case is assigned, his or her staff and immediate family, Dow employees, Turner employees, and any persons with currently pending actions that would otherwise fit within the class definition. Petitioner reserves the right to revise the definition of the Class based on information learned through discovery.

## CLASS ACTION REQUISITES

56.

Petitioners, each individually and on behalf of all those similarly situated, are entitled to maintain this action as a class action pursuant to Louisiana Code of Civil Procedure article 591 for the following reasons:

a. The Class consists of a total number of class members within a five-mile radius of Dow Plaquemine who are so numerous that joinder of all members is impracticable. Upon information and belief, census data demonstrates that at least six thousand (6,000) persons reside within this area. Additionally, there are numerous businesses (and employees thereof) within the area that were similarly harmed.

b. There are questions of law and fact common to all members of the Class that predominate over individual issues, including but not limited to:

1. whether Defendants' conduct alleged herein violates the laws as stated in the Cause of Action section, *infra*;

2. the steps Defendants could have taken in the past or could take in the future to reduce incidents that result in fires and hazardous emissions including but not

12

3938892v.1

limited to whether Defendants maintained sufficient safety measures to prevent such explosions and emissions based on incident history;

3. the extent of Defendants' knowledge of the hazardous nature of the hazardous emissions;

4. whether Dow released ethylene oxide or other hazardous substances at levels exceeding federal and/or state regulations, and if so, for how long;

5. whether Defendants owed a duty to the Class;

6. whether Defendants breached any duties owed to the Class;

7. whether Defendants are liable to putative Class Members for the release and subsequent burning of hazardous substances at the Dow Chemical Plant;

8. whether Defendants are liable pursuant to Louisiana Civil Code articles 667-669, for conducting activities and/or making works at the Dow Chemical Plant that are injurious to neighboring property and businesses;

9. whether Defendants are absolutely liable pursuant to Louisiana Civil Code article 2315 for conducting an ultrahazardous activity injurious to putative Class Members;

10. whether Defendants are liable pursuant Louisiana Civil Code article 2317 for the injuries and damage to putative Class Members;

11. whether Defendants are liable for nuisance;

12. whether Defendants are liable for trespass;

13. whether Defendants are liable for loss of use;

14. the appropriate nature of class-wide relief;

15. the appropriate measure of damages to putative Class Members;

16. whether Defendants are liable for attorneys' fees and costs pursuant to any applicable law.

c. The claims of the Petitioners (who reside within a five-mile radius of Dow Plaquemine) are representative of those who own property, reside, operate businesses, and/or work

13

3938892v.1

throughout a five-mile radius of Dow Plaquemine, and thus typical of the claims of the Class.

d. Petitioners, as representative parties, will fairly and adequately protect the interests of the proposed Class, as they have an interest in remedying the injuries they sustained as a result of the explosions and fire and related emissions. Petitioners have retained counsel experienced in the prosecution of class action litigation and counsel will adequately represent the interests of the Class. Petitioners and their counsel are aware of no conflicts of interest between Petitioners and absent Class Members. Petitioners have, or can acquire, adequate financial resources to assure that the interest of the Class will not be harmed. Petitioners are knowledgeable concerning the subject matter of this action and will assist counsel in the prosecution of this litigation.

e. The criteria for defining the proposed Class are objectively ascertainable through objective documentation of property records showing ownership, lease agreements documenting residence in the evacuation zone, business ownership and/or employment records documenting business operations in the evacuation zone, and various other legal filings, public records, and school records.

f. The prosecution of separate actions by individual putative Class Members within a five-mile radius of Dow Plaquemine, rather than a Class as proposed, would create a risk of inconsistent or varying adjudications and the potential for imposition of inconsistent duties and standards of care as to Defendants and for prejudicial determinations as to the rights of subsequent plaintiffs, as Defendants' conduct has harmed all Class Members.

g. As noted above, the common issues of fact and law predominate over those issues that may pertain to individual plaintiffs' claims and the class action procedure is superior to other methods for the fair and efficient adjudication of the claims herein, because:

1. The vast majority of the class members have no interest in, and it would be impractical for them to pursue, controlling the prosecution of individual actions for

14

3938892v.1

the remedies sought in this Petition, due to the expense in investigating and prosecuting the issues common to the whole class;

2. It is desirable to concentrate all litigation regarding the effects of the release of toxic substances from the Dow Chemical Plant, including ethyl chloride and ethylene oxide, within a single forum;

3. Class litigation is an efficient mechanism for managing the claims of the Class Members, due to the opportunity to afford reasonable notice of significant phases of the litigation to Class Members and to permit distribution of the recovery; and

4. The vindication of public policy interests in remedying exposure to toxic substances that present a high risk of cancer to the public are implicated and therefore justify the invocation of the process of class litigation, including any attendant costs or burdens.

## COUNT 1: NUISANCE UNDER LOUISIANA CIVIL CODE ARTICLES 667-669

57.

Petitioners incorporate all allegations in the preceding paragraphs as if fully set forth herein.

58.

Petitioners, and those similarly situated, own property, operate businesses, work, and/or reside within a five-mile radius of Dow Plaquemine.

59.

The conduct of Defendants in their operations at the Dow Chemical Plant constitute an unreasonable interference with putative Class Members' lawful use of and presence on property within the five-mile radius of Dow Plaquemine.

60.

Petitioners, and those similarly situated, suffered injury to their person, property, residences and/or businesses and were deprived of the enjoyment of property due to the fire and emissions affecting the five-mile radius of Dow Plaquemine.

15

61.

The hazardous emissions from the Dow Chemical Plant are sufficient to cause physical discomfort and annoyance to the putative Class Members. Petitioners, and those similarly situated, have confined themselves indoors to escape potentially harmful air levels resulting from the prolonged fire and hazardous emissions, further inhibiting their enjoyment of property, which constitutes a nuisance.

62.

This nuisance is caused solely by the fire and emissions at the Dow Chemical Plant that is owned and/or operated and/or maintained by Defendants.

63.

Defendants knew or, in the exercise of reasonable care, should have known that the Glycol II unit explosion, fire, and Shelter-in-Place Zone presented a disruption of nearby Class Members' peaceful enjoyment of their property, residences, and businesses.

64.

Defendants could have prevented the damage and deprivation of enjoyment had it exercised reasonable care by instituting and implementing technology and processes that prevented the inadvertent explosion, fire, and release of ethylene oxide and other hazardous substances. Defendants failed to exercise reasonable care.

65.

Defendants are thus liable for all damages occasioned by its ongoing nuisance including but not limited to damages caused for putative Class Members' physical discomfort, fear of cancer, increased risk of cancer, deprivation of enjoyment of property, loss of use, business losses, and lost income.

**COUNT 2: TRESPASS**

66.

Petitioners incorporate all allegations in the preceding paragraphs as if fully set forth herein.

16

3938892v.1

67.

Upon information and belief, Defendants' operation and maintenance of the Dow Chemical Plant caused hazardous emissions to encroach upon putative Class Members' property, residences, and businesses in concentrations exceeding safe thresholds. These emissions have resulted in a physical invasion onto and into putative Class Members' property, residences, and businesses.

68.

The entry and presence of hazardous emissions on putative Class Members' property is unauthorized. Defendants are prohibited under Louisiana law from causing such materials to encroach upon the property of its neighbors.

69.

As a result of the unlawful encroachment of Defendants' hazardous emissions onto Petitioner's property, Petitioner has suffered damage to her property. Similarly situated individuals have also suffered damage to their property, residences, and businesses as a result of Defendants' trespass.

70.

Defendants are liable for all damages occasioned by its trespass to putative Class Members' property.

**COUNT 3: NEGLIGENCE**

71.

Petitioners incorporate all allegations in the preceding paragraphs as if fully set forth herein.

72.

Petitioners, and those similarly situated, have suffered and are suffering damages to their person, property, residences, and businesses as detailed above.

73.

Pursuant to La. Civ. Code art. 2315, Defendants have a duty not to cause harm to the putative Class Members and their property. La. Civ. Code art. 2315 ("Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it.").

17

74.

Defendant Dow, as a property owner, has a jurisprudential duty to not harm nearby residents and neighbors. *See Spencer v. Valero Refining Meraux, L.L.C.*, 2022-00469 (La. 1/27/23); 356 So. 3d 936, 951 (finding that owner and operator of a refinery that caused a fire and explosion "owed a duty to protect those in the surrounding community"); *Brister v. Gulf Cent. Pipeline Co.*, 684 F. Supp. 1373, 1383 (W.D. La. 1988) ("Under Louisiana law, the owner and operator of a facility, such as a pipeline, must exercise at least reasonable care for the safety of persons both on and around its property."); *Valley View Rentals, LLC v. Colonial Pipeline Co.*, No. 11-688, 2013 WL 3786375, at *2 (M.D. La. July 18, 2013) (finding that property owner who had released hydrocarbons into land owed a duty of care, "[a]s a matter of law," to a nearby property owner).

75.

As a permit holder, Defendant Dow has a duty under the Louisiana Air Control Law to not discharge unpermitted toxic air pollutants into the atmosphere of Louisiana. The Louisiana Air Control Law specifically provides that "[t]here shall be no discharge of a toxic air pollutant into the atmosphere of Louisiana except that allowed by permit, license, variance, or compliance schedule or in accordance with the rules and regulations adopted pursuant to this Section." LA. R.S. 30:2060.

76.

Defendant Dow also has a duty to control emissions of air contaminants like ethylene oxide from the Dow Chemical Plant under the Louisiana Administrative Code Title 33, Part III. Pursuant to the Code, the Defendants have a duty to control the overall emissions of ethylene oxide into the atmosphere through installing and diligently maintaining emissions control systems and equipment at "point sources" where emissions are planned to occur and through a leak detection and repair program to control unplanned fugitive emissions. Emission controls were to be installed and diligently maintained for the purpose of protecting public health, safety, and welfare regardless of whether the emissions are within permit limits and regulatory ambient air quality standards. *See, e.g.*, 33 La. Admin. Code Pt. III, § 905 and § 2121.

18

77.

By engaging in operations that resulted in an explosion, fire, and substantial release of ethylene oxide (a known carcinogen), among other toxic chemical substances, the Defendants had and continue to have a statutory and jurisprudential duty to protect putative Class Members, and their property, from the effects of ethylene oxide as described herein. *See Jack v. Evonik Corp.*, 79 F.4th 547, 556 (5th Cir. 2023) ("By engaging in the emissions of EtO, the Facility has a duty to surrounding residents to protect them from an unreasonable risk of harm.").

78.

The risk of harm suffered by the Petitioners was encompassed within the scope of the duties owed to them by the Defendants.

79.

Defendants breached their duties to the Petitioners and similarly situated putative Class Members. Defendants knew or, in the exercise of reasonable care, should have known of the hazardous nature of handling ethylene oxide and other chemicals but failed to act reasonably to avoid an inadvertent release of thousands of pounds of this known carcinogen.

80.

Defendants are liable for all damages caused to putative Class Members resulting from its negligence including but not limited to damages for physical discomfort, fear of cancer, increased risk of cancer, property damages, deprivation of enjoyment of property, loss of use, business losses and lost income.

**COUNT 4: STRICT LIABILITY**

81.

Petitioners incorporate all allegations in the preceding paragraphs as if fully set forth herein.

82.

Louisiana Civil Code articles 2317-2317.1 provide that a custodian is strictly liable for damages occasioned by the things he owns. At all material times, Defendants owned and/or operated and/or maintained the Dow Chemical Plant and more specifically operated and/or

19

3938892v.1

maintained the Glycol II Unit which produced ethylene oxide. Defendants' operations resulted in a fire, emissions of ethylene oxide and other hazardous substances, which was the cause-in-fact of putative Class Members' damages.

83.

The defects in Defendants' operations caused an unreasonable risk of harm to putative Class Members. The burden of preventing hazardous chemical releases is slight as compared to the potential gravity of harm to putative Class Members.

84.

Defendants knew or, in the exercise of reasonable care, should have known of the unreasonable risk attendant to hazardous chemical releases and fires at the Dow Chemical Plant.

85.

The damage suffered by the Petitioners, and those similarly situated, could have been prevented by Defendants' exercise of reasonable care.

86.

Putative Class Members suffered damages to their property and businesses as detailed above, as a result of defective operations at the Refinery, and Defendants are strictly liable for those damages.

## COUNT 5: ABSOLUTE LIABILITY

87.

Petitioners incorporate all allegations in the preceding paragraphs as if fully set forth herein.

88.

Petitioners state a cause of action for absolute liability pursuant to Louisiana Civil Code article 2315 for conducting an ultrahazardous activity against Defendants based upon the allegations stated herein.

89.

Defendants were directly engaged in manufacturing, storing, processing, and transferring toxic chemicals, including ethylene oxide, as part of their business at Dow Plaquemine. Under

20

Louisiana law, industrial, and societal customary understanding, ethylene oxide constitutes poisonous gas and/or particulate matter and is a known human carcinogen. The storage of poisonous gas and/or particulate matter is an activity which can cause damages to others even when conducted with great care and prudence.

90.

Defendants released toxic gases and/or particulate matter from the manufacture and storage of ethylene oxide into the atmosphere. The toxic gases and/or particulate matter released caused injury to putative Class Members. Defendants are liable for all damages occasioned thereby including but not limited to damages for physical discomfort, fear of cancer, increased risk of cancer, property damages, deprivation of enjoyment of property, loss of use, business losses and lost income.

## PRAYER

**WHEREFORE**, Petitioners and all those similarly situated pray that, after due proceedings be had, this action be ordered to go forward as a class action as petitioned for herein, there be judgment rendered in their favor and against Defendants finding that Defendants are liable and indebted to Petitioners and all those similarly situated for:

    a.  Certification of the class as alleged herein;

    b.  All damages as are just and reasonable under the circumstances;

    c.  Judicial interest from the date of the judicial demand;

    d.  The award of costs, expenses, and reasonable attorneys' fees in favor of Petitioners and all those similarly situated to the fullest extent authorized by law; and

    e.  Such other and further relief which the Court deems necessary and proper at law and in equity and that may be just and reasonable under the circumstances of this matter.

    f.  Petitioners request a jury trial of all claims in this matter.

21

Respectfully submitted,

FISHMAN HAYGOOD, LLP

KERRY J. MILLER (#24562)
BRENT B. BARRIERE (#2818)
PAUL C. THIBODEAUX (#29446)
DANIEL J. DYSART (#33812)
KAJA S. ELMER (#35568)
BRENNAN F. O'KEEFE (#40474)
201 St. Charles Avenue, Suite 4600
New Orleans, LA 70170
Telephone: (504) 586-5252
Facsimile: (504) 586-5250
kmiller@fishmanhaygood.com
bbarriere@fishmanhaygood.com
pthibodeaux@fishmanhaygood.com
ddysart@fishmanhaygood.com
kelmer@fishmanhaygood.com
bokeefe@fishmanhaygood.com
*Counsel for Petitioners*

SHERIFF PLEASE SERVE:

The Dow Chemical Company
*through its registered agent*
CT Corporation System
3867 Plaza Tower Dr.
Baton Rouge, Louisiana 70816

Turner Industries Group, L.L.C.
*through its registered agent*
John H. Fenner, III
8687 United Plaza Blvd.
Baton Rouge, Louisiana 70809

Iberville Parish Clerk of Court    C-83464
Filed Sep 27, 2024 11:23 AM    B
Taylor Bourgoyne
Deputy Clerk of Court
E-File Received Sep 27, 2024 11:12 AM

22

3938892v.1

**FishmanHaygood**

Fishman Haygood LLP
201 St. Charles Avenue, 46th Floor
New Orleans, LA 70170
fishmanhaygood.com

**Kaja Elmer**
d: (504) 556-5535
kelmer@fishmanhaygood.com

October 7, 2024

<u>**VIA ELECTRONIC FILING**</u>
Clerk of Court
18th JDC
Parish of Iberville
58050 Meriam Street, 1st Floor
Plaquemine, LA 70765

   Re: *Thibodeaux, et al. v. The Dow Chemical Company, et al.*
     CDC Case No. 083464, Div. "B"
     Our File No. 4467-01

Dear Sir or Madam:

  The undersigned represents the plaintiffs, Juanita Thibodeaux, Nicholas Doucet, and others similarly situated, in the above captioned matter. This letter is to request the cancellation of service of the Amended Petition on defendants, The Dow Chemical Company.

  Thank you in advance for your assistance in this matter. Should you have any questions, please do not hesitate to contact me.

       Sincerely,

       */s/ Kaja S. Elmer*_____

       KAJA S. ELMER

KSE/aej

Iberville Parish Clerk of Court  **C-83464**
Filed Oct 07, 2024 3:53 PM  **B**
Shaquonia Grevious
Deputy Clerk of Court
E-File Received Oct 07, 2024 3:48 PM



D2730604

# CITATION FOR PETITION

| | |
|---|---|
| **SHAQUNNA S. HOWARD** | **EIGHTEETH JUDICIAL DISTRICT** |
| **VS** | **DOCKET NUMBER: C-83564 A** |
| **UVL ACQUISITION HOLDING, LLC, ET AL** | **PARISH OF IBERVILLE PARISH CLERK OF COURT STATE OF LOUISIANA** |

**TURNER INDUSTRIES GROUP LLC**
**8687 UNITED PLAZAZ DR BLVD**
**BATON ROUGE, LA 70809**

Parish of IBERVILLE

**RETURN**

You are named as a defendant in the above captioned matter. Attached to this citation is a certified copy of: . PETITON FOR DAMAGES & AMENDED PETITION FOR DAMAGES

You must either comply with the demand contained in the petition or make and appearance either by filling an answer or other pleading in the EIGHTEETH JUDICIAL DISTRICT located P.O. BOX 423 within the delay provided in the Article 1001 of the Louisiana Code of Civil Procedure under penalty of default.

**Article 1001 of the Louisiana Code of Civil Procedure states:**

A. A defendant shall file his answer within **twenty-one (21) days** after service of Citation upon him, except as otherwise provided by law.

If the plaintiff files and serves a Discovery Request with his Petition, the defendant shall file his answer to the petition with **thirty (30)** days after service of the amended petition.

B. When an Exception is filed prior to Answer and is overruled or referred to the merits, or is sustained and an Amendment of the Petition ordered, the Answer shall be filed within **fifteen (15) days** after the exception is overruled or referred to the merits, or **fifteen (15) days** after service of the Amended Petition.

C. The Court may grant additional time for answering.

**Article 1151 of the Louisiana Code of Civil Procedure provides in pertinent part:**

A defendant shall plead in response to an Amended Petition within the time remaining for pleading to the Original Pleading or with **ten (10) days** after service of the Amended Petition, whichever period is longer, unless the time is extended under Article 1001.

## THE CLERK OF COURT'S STAFF CANNOT PROVIDE LEGAL ADVICE.

This Citation was issues by the Clerk for the Court for the EIGHTEETH JUDICIAL DISTRICT Judicial District Court on the 27TH DAY OF SEPTEMBER, 2024.

IBERVILLE PARISH CLERK OF COURT
DEPUTY CLERK FOR
AMY MATIRNE PATIN, CLERK OF COURT

REQUESTED BY: GAUTHIER, LANDON P

RECEIVED ON THE _____ DAY OF _____, 20_____ AND ON THE _____ DAY OF _____, 20_____ SERVED THE ABOVE NAMED PARTY AS FOLLOWS:

PERSONAL SERVICE ON THE PARTY HEREIN NAMED _____.

DOMICILIARY SERVICE ON THE PARTY HEREIN NAMED BY LEAVING THE SAME AT HIS DOMICILE IN THE PARISH IN THE HANDS OF _____, A PERSON APPARENTLY OVER THE AGE OF SEVENTEEN YEARS, LIVING AND RESIDED IN SAID DOMICILE AND WHOSE NAME AND OTHER FACTS CONNECTED WITH THIS SERVICE, I LEARNED BY INTERROGATING THE SAID PERSON, SAID PARTY HEREIN BEING ABSENT FROM HIS RESIDENCE AT THE TIME OF SAID SERVICE.

RETURNED: PARISH OF _____ THIS _____ DAY OF _____, 20____.

| | |
|---|---|
| SERVICE $_____ | BY:_____ |
| MILEAGE $_____ | DEPUTY SHERIFF |
| TOTAL $_____ | |

ORIGINAL – RETURN          COPY – SERVICE          COPY - CLERK

**RETURN**

I made service on the named party by tendering a copy of this document on this day

RECEIVED DATE
OCT 08 2024          OCT 07 2024

to M. Max, legal

Dy. J. Shaw                E.B.R. Sheriff's Office
Deputy Sheriff, Parish of East Baton Rouge, LA



D2730596

# CITATION FOR PETITION

| | |
|---|---|
| SHAQUNNA S. HOWARD | EIGHTEETH JUDICIAL DISTRICT |
| | DOCKET NUMBER: C-83564 A |
| VS | |
| | PARISH OF IBERVILLE PARISH |
| UVL ACQUISITION HOLDING, LLC, ET AL | CLERK OF COURT STATE OF LOUISIANA |

THE DOW CHEMICAL COMPANY
3867 PLAZA TOWER DR
BATON ROUGE, LA 70816

**RETURN**

Parish of IBERVILLE

You are named as a defendant in the above captioned matter. Attached to this citation is a certified copy of: . PETITON FOR DAMAGES & FIRST AMENDED PETITION FOR DAMAGES

You must either comply with the demand contained in the petition or make and appearance either by filling an answer or other pleading in the EIGHTEETH JUDICIAL DISTRICT located P.O. BOX 423 within the delay provided in the Article 1001 of the Louisiana Code of Civil Procedure under penalty of default.

**Article 1001 of the Louisiana Code of Civil Procedure states:**

A. A defendant shall file his answer within **twenty-one (21) days** after service of Citation upon him, except as otherwise provided by law.

If the plaintiff files and serves a Discovery Request with his Petition, the defendant shall file his answer to the petition with **thirty (30)** days after service of the amended petition.

B. When an Exception is filed prior to Answer and is overruled or referred to the merits, or is sustained and an Amendment of the Petition ordered, the Answer shall be filed within **fifteen (15) days** after the exception is overruled or referred to the merits, or **fifteen (15) days** after service of the Amended Petition.

C. The Court may grant additional time for answering.

**Article 1151 of the Louisiana Code of Civil Procedure provides in pertinent part:**

A defendant shall plead in response to an Amended Petition within the time remaining for pleading to the Original Pleading or with **ten (10) days** after service of the Amended Petition, whichever period is longer, unless the time is extended under Article 1001.

## THE CLERK OF COURT'S STAFF CANNOT PROVIDE LEGAL ADVICE.

This Citation was issues by the Clerk for the Court for the EIGHTEETH JUDICIAL DISTRICT Judicial District Court on the 27TH DAY OF SEPTEMBER, 2024.

IBERVILLE PARISH CLERK OF COURT
DEPUTY CLERK FOR
AMY MATIRNE PATIN, CLERK OF COURT

REQUESTED BY: GAUTHIER, LANDON P

RECEIVED ON THE _____ DAY OF _____, 20_____ AND ON THE _____ DAY OF _____, 20_____ SERVED THE ABOVE NAMED PARTY AS FOLLOWS:

PERSONAL SERVICE ON THE PARTY HEREIN NAMED _____.

DOMICILIARY SERVICE ON THE PARTY HEREIN NAMED BY LEAVING THE SAME AT HIS DOMICILE IN THE PARISH IN THE HANDS OF _____, A PERSON APPARENTLY OVER THE AGE OF SEVENTEEN YEARS, LIVING AND RESIDED IN SAID DOMICILE AND WHOSE NAME AND OTHER FACTS CONNECTED WITH THIS SERVICE, I LEARNED BY INTERROGATING THE SAID PERSON, SAID PARTY HEREIN BEING ABSENT FROM HIS RESIDENCE AT THE TIME OF SAID SERVICE.

RETURNED: PARISH OF _____ THIS _____ DAY OF _____, 20____.

| | |
|---|---|
| SERVICE $_____ | BY:_____ |
| MILEAGE $_____ | DEPUTY SHERIFF |
| TOTAL $_____ | |

ORIGINAL – RETURN          COPY – SERVICE          COPY - CLERK

**RETURN**

☑ CT Corp
☐ LA Corp & Registered Agent Services

I made service on the named party by tendering a copy of this document to the

☐ Brenna Beauregard
☐ Allison Reed
☐ Abby Sarmiento
☑ Ashley Minvielle

OCT 10 2024
RECEIVED DATE

DEPUTY BRYAN SIMMONS    OCT 07 2024
Deputy Sheriff, Parish of East Baton Rouge, Louisiana

E.B.R. Sheriff's Office



D2730596

# CITATION FOR PETITION

| | |
|---|---|
| SHAQUNNA S. HOWARD | **EIGHTEETH JUDICIAL DISTRICT** |
| VS | **DOCKET NUMBER: C-83564 A** |
| UVL ACQUISITION HOLDING, LLC, ET AL | **PARISH OF IBERVILLE PARISH CLERK OF COURT STATE OF LOUISIANA** |



**THE DOW CHEMICAL COMPANY**
**3867 PLAZA TOWER DR**
**BATON ROUGE, LA 70816**

Parish of IBERVILLE

**RETURN**

You are named as a defendant in the above captioned matter. Attached to this citation is a certified copy of: . PETITON FOR DAMAGES & FIRST AMENDED PETITION FOR DAMAGES

You must either comply with the demand contained in the petition or make and appearance either by filling an answer or other pleading in the EIGHTEETH JUDICIAL DISTRICT located P.O. BOX 423 within the delay provided in the Article 1001 of the Louisiana Code of Civil Procedure under penalty of default.

**Article 1001 of the Louisiana Code of Civil Procedure states:**

A. A defendant shall file his answer within **twenty-one (21) days** after service of Citation upon him, except as otherwise provided by law.

If the plaintiff files and serves a Discovery Request with his Petition, the defendant shall file his answer to the petition with **thirty (30)** days after service of the amended petition.

B. When an Exception is filed prior to Answer and is overruled or referred to the merits, or is sustained and an Amendment of the Petition ordered, the Answer shall be filed within **fifteen (15) days** after the exception is overruled or referred to the merits, or **fifteen (15) days** after service of the Amended Petition.

C. The Court may grant additional time for answering.

**Article 1151 of the Louisiana Code of Civil Procedure provides in pertinent part:**

A defendant shall plead in response to an Amended Petition within the time remaining for pleading to the Original Pleading or with **ten (10) days** after service of the Amended Petition, whichever period is longer, unless the time is extended under Article 1001.

## THE CLERK OF COURT'S STAFF CANNOT PROVIDE LEGAL ADVICE.

This Citation was issues by the Clerk for the Court for the EIGHTEETH JUDICIAL DISTRICT Judicial District Court on the 27TH DAY OF SEPTEMBER, 2024.

IBERVILLE PARISH CLERK OF COURT
DEPUTY CLERK FOR
AMY MATIRNE PATIN, CLERK OF COURT

REQUESTED BY: GAUTHIER, LANDON P

RECEIVED ON THE _____ DAY OF _____, 20_____ AND ON THE _____ DAY OF _____, 20_____ SERVED THE ABOVE NAMED PARTY AS FOLLOWS:

PERSONAL SERVICE ON THE PARTY HEREIN NAMED _____.

DOMICILIARY SERVICE ON THE PARTY HEREIN NAMED BY LEAVING THE SAME AT HIS DOMICILE IN THE PARISH IN THE HANDS OF _____, A PERSON APPARENTLY OVER THE AGE OF SEVENTEEN YEARS, LIVING AND RESIDED IN SAID DOMICILE AND WHOSE NAME AND OTHER FACTS CONNECTED WITH THIS SERVICE, I LEARNED BY INTERROGATING THE SAID PERSON, SAID PARTY HEREIN BEING ABSENT FROM HIS RESIDENCE AT THE TIME OF SAID SERVICE.

RETURNED: PARISH OF _____ THIS _____ DAY OF _____, 20____.

| | |
|---|---|
| SERVICE $_____ | BY:_____ |
| MILEAGE $_____ | DEPUTY SHERIFF |
| TOTAL $_____ | |

ORIGINAL – RETURN    COPY – SERVICE    COPY - CLERK

**RETURN**

I made service on the named party by tendering a copy of this document

☑ CT Corp
☐ LA Corp & Registered Agent Services
OCT 10 2024
☐ Brenna Beauregard
☐ Allison Reed
☐ Abby Sarmiento
☑ Ashley Minvielle

**RECEIVED**
DATE

**DEPUTY BRYAN SIMMONS** OCT 07 2024
Deputy Sheriff, Parish of East Baton Rouge, Louisiana

E.B.R. Sheriff's Office



D2730604

# CITATION FOR PETITION

| | |
|---|---|
| SHAQUNNA S. HOWARD | **EIGHTEETH JUDICIAL DISTRICT** |
| VS | **DOCKET NUMBER: C-83564 A** |
| **UVL ACQUISITION HOLDING, LLC, ET AL** | **PARISH OF IBERVILLE PARISH CLERK OF COURT STATE OF LOUISIANA** |

**TURNER INDUSTRIES GROUP LLC
8687 UNITED PLAZAZ DR BLVD
BATON ROUGE, LA 70809**

Parish of IBERVILLE

**RETURN**

You are named as a defendant in the above captioned matter. Attached to this citation is a certified copy of: . PETITON FOR DAMAGES & AMENDED PETITION FOR DAMAGES

You must either comply with the demand contained in the petition or make and appearance either by filling an answer or other pleading in the EIGHTEETH JUDICIAL DISTRICT located P.O. BOX 423 within the delay provided in the Article 1001 of the Louisiana Code of Civil Procedure under penalty of default.

**Article 1001 of the Louisiana Code of Civil Procedure states:**

A.  A defendant shall file his answer within **twenty-one (21) days** after service of Citation upon him, except as otherwise provided by law.

  If the plaintiff files and serves a Discovery Request with his Petition, the defendant shall file his answer to the petition with **thirty (30)** days after service of the amended petition.

B.  When an Exception is filed prior to Answer and is overruled or referred to the merits, or is sustained and an Amendment of the Petition ordered, the Answer shall be filed within **fifteen (15) days** after the exception is overruled or referred to the merits, or **fifteen (15) days** after service of the Amended Petition.

C.  The Court may grant additional time for answering.

**Article 1151 of the Louisiana Code of Civil Procedure provides in pertinent part:**

A defendant shall plead in response to an Amended Petition within the time remaining for pleading to the Original Pleading or with **ten (10) days** after service of the Amended Petition, whichever period is longer, unless the time is extended under Article 1001.

## THE CLERK OF COURT'S STAFF CANNOT PROVIDE LEGAL ADVICE.

This Citation was issues by the Clerk for the Court for the EIGHTEETH JUDICIAL DISTRICT Judicial District Court on the 27TH DAY OF SEPTEMBER, 2024.

IBERVILLE PARISH CLERK OF COURT
DEPUTY CLERK FOR
AMY MATIRNE PATIN, CLERK OF COURT

REQUESTED BY: GAUTHIER, LANDON P

RECEIVED ON THE _____ DAY OF _____, 20_____ AND ON THE _____ DAY OF _____, 20_____ SERVED THE ABOVE NAMED PARTY AS FOLLOWS:

PERSONAL SERVICE ON THE PARTY HEREIN NAMED _____.

DOMICILIARY SERVICE ON THE PARTY HEREIN NAMED BY LEAVING THE SAME AT HIS DOMICILE IN THE PARISH IN THE HANDS OF _____, A PERSON APPARENTLY OVER THE AGE OF SEVENTEEN YEARS, LIVING AND RESIDED IN SAID DOMICILE AND WHOSE NAME AND OTHER FACTS CONNECTED WITH THIS SERVICE, I LEARNED BY INTERROGATING THE SAID PERSON, SAID PARTY HEREIN BEING ABSENT FROM HIS RESIDENCE AT THE TIME OF SAID SERVICE.

RETURNED: PARISH OF _____ THIS _____ DAY OF _____, 20____.

SERVICE $_____       BY:_____
MILEAGE $_____                    DEPUTY SHERIFF
TOTAL   $_____

ORIGINAL – RETURN        COPY – SERVICE        COPY - CLERK

**RETURN**

I made service on the named party by tendering a copy of this document on this day

RECEIVED DATE

OCT 08 2024        OCT 07 2024

E.B.R. Sheriff's Office

Deputy Sheriff, Parish of East Baton Rouge, LA

234

D2742781

# CITATION FOR PETITION

THIBODEAUX, JUANITA

VS

THE DOW CHEMICAL
COMPANY

**EIGHTEENTH JUDICIAL
DISTRICT
DOCKET NUMBER: C-83464 B**

**PARISH OF IBERVILLE PARISH
CLERK OF COURT
STATE OF LOUISIANA**

TURNER INDUSTRIES GROUP, LLC
THROUGH ITS REGISTERED AGENT
JOHN H. FENNER, III
8687 UNITED PLAZA BLVD
BATON ROUGE, LA 70809

**RETURN**

Parish of IBERVILLE

You are named as a defendant in the above captioned matter. Attached to this citation is a certified copy of: PETITION FOR DAMAGES AND AMENDED PETITION.

You must either comply with the demand contained in the petition or make and appearance either by filling an answer or other pleading in the EIGHTEENTH JUDICIAL DISTRICT located P.O. BOX 423 within the delay provided in the Article 1001 of the Louisiana Code of Civil Procedure under penalty of default.

**Article 1001 of the Louisiana Code of Civil Procedure states:**

A.  A defendant shall file his answer within **twenty-one (21) days** after service of Citation upon him, except as otherwise provided by law.

    If the plaintiff files and serves a Discovery Request with his Petition, the defendant shall file his answer to the petition with **thirty (30)** days after service of the amended petition.

B.  When an Exception is filed prior to Answer and is overruled or referred to the merits, or is sustained and an Amendment of the Petition ordered, the Answer shall be filed within **fifteen (15) days** after the exception is overruled or referred to the merits, or **fifteen (15) days** after service of the Amended Petition.

C.  The Court may grant additional time for answering.

**Article 1151 of the Louisiana Code of Civil Procedure provides in pertinent part:**
A defendant shall plead in response to an Amended Petition within the time remaining for pleading to the Original Pleading or with **ten (10) days** after service of the Amended Petition, whichever period is longer, unless the time is extended under Article 1001.
PL

### THE CLERK OF COURT'S STAFF CANNOT PROVIDE LEGAL ADVICE.

This Citation was issues by the Clerk for the Court for the EIGHTEENTH JUDICIAL DISTRICT Judicial District Court on the 21ST DAY OF OCTOBER, 2024.

IBERVILLE PARISH CLERK OF COURT
DEPUTY CLERK FOR
AMY MATIRNE PATIN, CLERK OF COURT

REQUESTED BY: _____

RECEIVED ON THE _____ DAY OF _____, 20_____ AND ON THE _____ DAY OF _____, 20_____ SERVED THE ABOVE NAMED PARTY AS FOLLOWS:

PERSONAL SERVICE ON THE PARTY HEREIN NAMED _____.

DOMICILIARY SERVICE ON THE PARTY HEREIN NAMED BY LEAVING THE SAME AT HIS DOMICILE IN THE PARISH IN THE HANDS OF _____, A PERSON APPARENTLY OVER THE AGE OF SEVENTEEN YEARS, LIVING AND RESIDED IN SAID DOMICILE AND WHOSE NAME AND OTHER FACTS CONNECTED WITH THIS SERVICE, I LEARNED BY INTERROGATING THE SAID PERSON, SAID PARTY HEREIN BEING ABSENT FROM HIS RESIDENCE AT THE TIME OF SAID SERVICE.

I made service on the named party
by tendering a copy of this document on this day

RETURNED: PARISH OF _____ THIS _____ DAY OF _____ 20_____

SERVICE $_____        BY:_____
MILEAGE $_____              DEPUTY SHERIFF
TOTAL   $_____

OCT 2 8 2024 RECEIVED

ORIGINAL – RETURN        COPY – SERVICE        COPY - CLERK

to M. Fitzpatrick 2/4/2024
Dy. G. Shaw 2/4/

E.B.R. SHERIFF'S OFFICE

Deputy Sheriff, Parish of East Baton Rouge, LA

**RETURN**



D2742781

# CITATION FOR PETITION

| | |
|---|---|
| **THIBODEAUX, JUANITA** | **EIGHTEENTH JUDICIAL DISTRICT** |
| **VS** | **DOCKET NUMBER: C-83464 B** |
| **THE DOW CHEMICAL COMPANY** | **PARISH OF IBERVILLE PARISH CLERK OF COURT STATE OF LOUISIANA** |

**TURNER INDUSTRIES GROUP, LLC**
**THROUGH ITS REGISTERED AGENT**
**JOHN H. FENNER, III**                                   Parish of IBERVILLE
**8687 UNITED PLAZA BLVD**
**BATON ROUGE, LA 70809**

You are named as a defendant in the above captioned matter. Attached to this citation is a certified copy of: PETITION FOR DAMAGES AND AMENDED PETITION.

You must either comply with the demand contained in the petition or make and appearance either by filling an answer or other pleading in the EIGHTEENTH JUDICIAL DISTRICT located P.O. BOX 423 within the delay provided in the Article 1001 of the Louisiana Code of Civil Procedure under penalty of default.

**Article 1001 of the Louisiana Code of Civil Procedure states:**

A.  A defendant shall file his answer within **twenty-one (21) days** after service of Citation upon him, except as otherwise provided by law.

   If the plaintiff files and serves a Discovery Request with his Petition, the defendant shall file his answer to the petition with **thirty (30)** days after service of the amended petition.

B.  When an Exception is filed prior to Answer and is overruled or referred to the merits, or is sustained and an Amendment of the Petition ordered, the Answer shall be filed within **fifteen (15) days** after the exception is overruled or referred to the merits, or **fifteen (15) days** after service of the Amended Petition.

C.  The Court may grant additional time for answering.

**Article 1151 of the Louisiana Code of Civil Procedure provides in pertinent part:**
A defendant shall plead in response to an Amended Petition within the time remaining for pleading to the Original Pleading or with **ten (10) days** after service of the Amended Petition, whichever period is longer, unless the time is extended under Article 1001.
PL

## THE CLERK OF COURT'S STAFF CANNOT PROVIDE LEGAL ADVICE.

This Citation was issues by the Clerk for the Court for the EIGHTEENTH JUDICIAL DISTRICT Judicial District Court on the 21ST DAY OF OCTOBER, 2024.

IBERVILLE PARISH CLERK OF COURT
DEPUTY CLERK FOR
AMY MATIRNE PATIN, CLERK OF COURT

REQUESTED BY:

RECEIVED ON THE _____ DAY OF _____, 20_____ AND ON THE _____ DAY OF _____, 20_____ SERVED THE ABOVE NAMED PARTY AS FOLLOWS:

PERSONAL SERVICE ON THE PARTY HEREIN NAMED _____.

DOMICILIARY SERVICE ON THE PARTY HEREIN NAMED BY LEAVING THE SAME AT HIS DOMICILE IN THE PARISH IN THE HANDS OF _____, A PERSON APPARENTLY OVER THE AGE OF SEVENTEEN YEARS, LIVING AND RESIDED IN SAID DOMICILE AND WHOSE NAME AND OTHER FACTS CONNECTED WITH THIS SERVICE, I LEARNED BY INTERROGATING THE SAID PERSON, SAID PARTY HEREIN BEING ABSENT FROM HIS RESIDENCE AT THE TIME OF SAID SERVICE.

RETURNED: PARISH OF _____ THIS _____ DAY OF _____, 20____.

SERVICE $_____         BY:_____
MILEAGE $_____                 DEPUTY SHERIFF
TOTAL    $_____

ORIGINAL – RETURN          COPY – SERVICE      COPY - CLERK

## RETURN